TRANSAMERICA INSURANCE COMPANY *v.* NOLAN; PROFESSIONALS INSURANCE COMPANY ET AL., APPELLEES; WALLACE ET AL., APPELLANTS.

[Cite as *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320.]

(No. 94–120—Submitted March 21, 1995—Decided June 14, 1995.)

*Joseph L. Dilts* and *James G. Petrie,* for appellee The Professionals Insurance Company.

*Freund, Freeze & Arnold* and *Gordon D. Arnold,* for appellee Owners Insurance Company.

*E.S. Gallon & Associates* and *David M. Deutsch,* for appellants.

MOYER, C.J. As a preliminary matter, we must first determine whether the court of appeals was correct in holding that it lacked jurisdiction over the appeal of Linda Wallace. The notice of appeal filed in the court of appeals designated the appellants as "Dennis Wallace et al." The court of appeals held that the notice failed to comply with App.R. 3(D) and that the defect was jurisdictional.

App.R. 3(D) provides that the "notice of appeal shall specify the party or parties taking the appeal."[1] The court of appeals relied on its decision in *Seipelt v. Motorists Mut. Ins. Co.* (1992), 81 Ohio App.3d 530, 611 N.E.2d 917, which relied on the reasoning in *Torres v. Oakland Scavenger Co.* (1987), 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285. In *Torres* the Supreme Court held that the designation "et al." fails to provide the notice required under the similar federal rule and acted as a jurisdictional bar.

Although the relevant portion of the version of Fed.R.App.P. 3 considered in *Torres* was virtually the same as App.R. 3, we do not interpret the Ohio rule so strictly. Ohio App.R. 3(A) provides, "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."[2] App.R. 3(A) is controlling. Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion.

The court of appeals abused its discretion by refusing to consider the appeal of Linda Wallace. We have held that the failure to file separate notices of appeal for cases that had been consolidated in the trial court, as required by local rule, is not a jurisdictional defect. *Natl. Mut. Ins. Co. v. Papenhagen* (1987), 30 Ohio St.3d 14, 30 OBR 21, 505 N.E.2d 980. We reasoned that the court of appeals had abused its discretion by dismissing the appeal when the mistake was made in good faith, no prejudice accrued as a result, dismissal constituted a disproportionate sanction, the client was punished for the fault of his counsel and the dismissal frustrated the overriding objective of deciding cases on their merits. Use of the term "et al." might not always be appropriate, but here appellees were not prejudiced by the use of the designation. All parties were aware of the interests

---

1. Ohio App.R. 3(D) states as follows:

"(D) Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. * * * "

2. Ohio App.R. 3(A) states as follows:

"(A) Filing the notice of appeal. An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by leave of court shall be taken in the manner prescribed by Rule 5."

of Linda Wallace and proceeded under the assumption that she was a party. Therefore, the court of appeals abused its discretion by failing to consider her appeal.

Having determined the proper parties to the appeal, we turn our attention to the merits of appellants' action. The issue presented is whether the failure of the trial court to enter final judgment on its journal pursuant to a mandate issued from the court of appeals rendered the action pending, so that it could be affected by subsequent decisions of this court.

We begin with the general proposition that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)." *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 28 OBR 225, 502 N.E.2d 605, paragraph one of the syllabus. Appellants argue that this general rule is inapplicable because final judgment was not entered until after their motion for judgment was filed. Appellants contend that the trial court's failure to enter judgment kept the case alive so that subsequent decisions by this court that conflicted with the law of the case were intervening cases that should have been followed by the trial court. See *Jones v. Harmon* (1930), 122 Ohio St. 420, 172 N.E. 151.

In *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, we stated that "absent extraordinary circumstances, such as an intervening decision by this court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.* at 5, 11 OBR at 4, 462 N.E.2d at 414. This statement was made in an analysis of the law-of-the-case doctrine, which holds that " 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 160, 519 N.E.2d 390, 393, quoting *Nolan, supra,* 11 Ohio St.3d at 3, 11 OBR at 2–3, 462 N.E.2d at 412. A trial court may not vary the mandate of an appellate court, but is bound by that mandate on the questions of law decided by the reviewing court. *Hawley,* 35 Ohio St.3d at 160, 519 N.E.2d at 394.

In the present action, the court of appeals issued a mandate to the trial court to enter judgment for the insurers on the issue of underinsured motorist coverage. The trial court was obligated to comply with that mandate and enter judgment accordingly. Further appeal to this court was denied in (1991), 57 Ohio St.3d 714, 568 N.E.2d 698, and therefore the law-of-the-case doctrine dictated final judgment for the insurers. Appellants may not upset this conclusion through the use of creative pleading.

Appellants find significant the fact that the trial court did not comply with the court of appeals' mandate by entering final judgment before they moved for

judgment. However, the law of the case was established by the court of appeals, and the trial court was required to act accordingly. A subsequent decision by this court should have had no bearing on the trial court's duty to comply with the decision of the court of appeals. This is true where, as here, an administrative oversight necessitated the use of a *nunc pro tunc* entry.

Appellants complain that they did not receive notice of the *nunc pro tunc* entry as required by local rule. However, we agree with the court of appeals that this issue was not properly preserved. Appellants' notice of appeal does not refer to the *nunc pro tunc* entry, and as such did not properly apprise the opposite parties of the nature of the appeal, see *Maritime Manufacturers, Inc. v. Hi-Skipper Marina* (1982), 70 Ohio St.2d 257, 24 O.O.3d 344, 436 N.E.2d 1034.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.