Plaintiff-appellant Douglas S. Trowbridge (Trowbridge) appeals from the jury verdict in the underlying negligence action involving an automobile accident. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the action was filed on February 3, 1998, alleging that defendant-appellee Wilfredo Delapaz (Delapaz) was negligent in the operation of a motor vehicle on February 16, 1996, when the Delapaz vehicle rear-ended the vehicle operated by Trowbridge.[1] Trowbridge, who drove himself to an emergency room and was released with pain medication following the accident, complained of soft tissue injuries to his neck, shoulder and arm. Trowbridge testified to using aspirin, acetaminophen (Tylenol) and ibuprofen (Advil) to treat his aches and pains from the accident. The record further indicates that the damage to Trowbridge's vehicle, a 1986 Toyota Corolla, amounted to $107.00 for the replacement of the rear bumper with a used part from a salvage yard. Trowbridge sought damages in the amount of $125,000.
The action was tried by a jury commencing on March 15, 1999. Prior to opening statements the jury was informed by the court that liability was stipulated and that the dispute, and the forthcoming testimony, centered upon the extent and value of Trowbridge's physical injuries, and losses attributable to those physical injuries. During the trial, Trowbridge testified on cross-examination that no part of his body struck any area inside the car, but that his shoulder was jammed forward by the impact; he also testified that he had no bruises from the impact. (Tr. 73.) Trowbridge's first physical therapy session was conducted six weeks after the collision. An MRI of his shoulder was ordered on May 2, 1996, and an MRI of the neck in February of 1997. Trowbridge was seen by Dr. Stephen Cheng, an orthopedic surgeon, only once, on February 20, 1997.
Dr. Cheng, testifying for Trowbridge, opined that Trowbridge's left shoulder pain was caused by an impingement of the shoulder, which is also known as bursitis or tendinitis of the shoulder, which in turn was probably caused by the impact. See deposition of Dr. Cheng at 7. Dr. Cheng noted that the emergency room record diagnosed a neck strain, and he recommended additional physical therapy following his examination of the patient. Id. at 15. The neck X-ray from the emergency room was normal. The MRI of the shoulder did not show any tears in the shoulder tendons. The physical therapist in March of 1996 indicated in the medical record that shoulder impingement was negative for both shoulders. Id. at 16-17. The records of physical therapy, performed on April 16, 1996, which therapy included weight lifting, noted that the patient performed all the exercises with high exertion. Id. at 18-19. The MRI of the shoulder was normal. Id. at 20. Trowbridge had a total of eight physical therapy sessions, but none after seeing Dr. Cheng. Id. at 23-24. Dr. Cheng placed no restrictions on Trowbridge's activities, and admitted that impingement could be caused by any repetitive or vigorous activity, such as weight lifting (a hobby engaged in by Trowbridge at a gym, and in his work as a baker lifting heavy flour sacks). Id. at 25-26. There was no clear evidence of instability in the shoulder. Id. at 28.
Delapaz testified that the impact was slight and was less than a bumpy ride at an amusement park. Delapaz also testified that Trowbridge exhibited no physical harm at the time of the accident when the two men exchanged information immediately following the collision.
Dr. Karl Metz, a board certified orthopedic surgeon who examined Trowbridge,[2] testified for the defense and opined that the medical test results were normal and that any strength deficit or range of motion restriction in the left shoulder was a voluntarily controlled phenomenon. Id. at 13, 21. Dr. Metz could find no medical support for Trowbridge's medical complaints, and testified that the medical complaints and impingement and strain could be caused by physical activities which Trowbridge engaged in at work and while exercising. Id. at 20-22, 29. Dr. Metz's diagnosis was that Trowbridge suffered from impingement syndrome of the left shoulder and cervical spine sprain. Id. at 30.
On March 16, 1999, the jury unanimously returned a defense verdict. See Journal Vol. 2320, page 710, journalized March 17, 1999. The jury also unanimously answered an interrogatory (number 1) which indicated that Trowbridge did not prove by a preponderance of the evidence that the negligence of Delapaz directly and proximately caused any injury to Trowbridge.
Trowbridge filed a motion for new trial on March 25, 1999, alleging that the jury decision was not sustained by the weight of the evidence and that the jury was motivated by passion and prejudice in arriving at its verdict against the Plaintiff. See motion for new trial at 3; Civ.R. 59(A)(4) and (6).[3] Delapaz filed a brief in opposition to new trial on March 29, 1999. On April 12, 1999, the trial court denied the motion for new trial, stating in the half-sheet status form entry that, The record is devoid of any evidence that the jury was influenced by passion or prejudice. Litchfield v. Morris, 25 Ohio App.3d 42 (1985). See Journal Vol. 2328, page 784.
Trowbridge filed his notice of appeal on May 7, 1999. The order appealed from was the order of March 17, 1999, which recognized the jury verdict. See Journal Vol. 2320, page 710.
The lone assignment of error provides:
 THE COURT ERRED BY DENYING APPELLANT-PLAINTIFF'S MOTION FOR A NEW TRIAL WHEN THE JUDGMENT AGAINST APPELLANT-PLAINTIFF WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE DUE TO DEFENDANT'S EXPERT'S STATEMENTS AND OTHER EVIDENCE THAT APPELLANT-PLAINTIFF WAS INJURED DIRECTLY FROM THE ACCIDENT.
The argument accompanying this assignment is based solely on the denial of the motion for new trial. The defect in the notice of appeal in not including the correct order appealed from is not fatal to the jurisdiction of this court. The only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal pursuant to App.R. 3(A). Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320. Other defects in a notice of appeal, including whether sanctions are to attach for defects in the notice of appeal, are to be dealt with under the discretion of the appellate court. Id. In the notice of appeal sub judice, the filing was timely and the appellee has briefed the argument presented by appellant. We can see no prejudice attaching to the appellee at this late date in the proceedings in having the matter decided on the merits. We will treat the order appealed from as being the entry denying the motion for new trial, and hereby amend the notice of appeal accordingly.
Turning our attention to the merits of appellant's argument, we note that the standard of review for a motion for new trial ruling is the following:
 It is well established that a trial court's decision whether to grant a new trial lies within the sound discretion of the trial court. Verbon v. Pennese (1982), 7 Ohio App.3d 182, 7 OBR 229, 454 N.E.2d 976. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. In reviewing a trial court's ruling on a motion for a new trial, an appellate court should view the evidence before it favorably to the trial court's action, rather than the jury's verdict, where the trial court's decision involves questions of fact. Sanders v. Mt. Sinai Hosp. (1985), 21 Ohio App.3d 249, 253, 21 OBR 292, 296-297, 487 N.E.2d 588, 593-594; Richard L. Bowen Assoc. v. Kassouf (June 22, 1995), Cuyahoga App. Nos. 66801, 67018, unreported, at 9, 1995 WL 371294. A judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Since the trial judge is best able to view the witnesses and observe their demeanor when he weighs the credibility of the offered testimony, there is a presumption that the findings of the trier of fact are correct. Seasons Coal Co. v. Cleveland(1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410-411, 461 N.E.2d 1273, 1276. The weight to be given the evidence and the credibility of the witnesses are primarily for the finder of fact. Shore, Shirley Co. v. Kelley (1988), 40 Ohio App.3d 10, 531 N.E.2d 333.
Star Bank National Assn. v. Cirrocumulus Ltd. Partnership (Cuyahoga, 1997), 121 Ohio App.3d 731, 743-744; also see Driscoll v. Norprop, Inc. (Cuyahoga, 1998), 129 Ohio App.3d 757, 763.
Reviewing the evidence offered at trial in a light favorable to the court's action, we conclude that the trial court did not abuse its discretion in denying the motion for new trial. Although there was testimony by Trowbridge that his medical complaints did not pre-date the collision, the expert medical evidence presented by Dr. Cheng and Dr. Metz was at odds with one another on the issue of causation. Dr. Metz could find no medical reason to substantiate Trowbridge's complaints and clearly opined that these complaints were a voluntarily controlled phenomenon and that any complaint of impingement and strain, which was diagnosed by Dr. Metz, could have been caused by physical activities which were part of Trowbridge's work or exercise regimen. Quite simply, the jury considered the competing claims of medical complaints and their suggested causation and concluded that the collision, which was slight, was insufficient to cause the physical injuries of which Trowbridge complained. See Sauto v. Nacht (Apr. 16, 1998), Cuyahoga App. No. 73118, unreported, 1998 Ohio App. LEXIS 1608 (Judge Spellacy, with Judges Rocco and Karpinski concurring; appellate court affirmed the denial of plaintiff-appellant's motion for new trial pursuant to Civ.R. 59[A][6] involving a minor automobile collision where, after trying the case solely on the issues of proximate cause and damages, and where the plaintiff`s soft tissue medical complaints allegedly did not pre-date the collision, the jury returned a defense verdict); cf. Golias v. Goetz (July 22, 1999), Cuyahoga App. No. 73924, unreported (Judge Patton, with Judges Porter and Blackmon concurring; in a minor automobile collision case where the jury heard the case solely on the issue of causation and damages and returned a defense verdict, the granting of a motion for new trial pursuant to Civ.R. 59[A][6] was affirmed on the basis that plaintiff showed no symptoms of back or neck pain prior to the accident, had voiced immediate complaints about her back and neck after the accident, and sought medical treatment for that pain).
Assignment overruled.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
 ___________________________ JAMES D. SWEENEY, JUDGE
[1] The Complaint originally named Teresita Delapaz as the sole defendant. On February 22, 1998, upon the stipulation of the parties, Wilfredo Delapaz was substituted as defendant and Teresita Delapaz was dismissed from the action. See Journal Vol. 2311, page 908.
[2] Trowbridge's trial counsel, attorney Edward Graham, accompanied Trowbridge at the examination of Dr. Metz. See deposition of Dr. Metz at 11.
[3] Civ.R. 59(A)(4) and (6), New Trials, provides:
(A) Grounds
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; * * *