OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, Rachael Eckmeyer ("Rachael") and Keith and Regina Eckmeyer ("the Eckmeyers"), appeal from a final judgment of the Portage County Court of Common Pleas affirming the decision of appellee, Kent City School District Board of Education ("the Board"), upholding Rachael's expulsion.
On September 24, 1998, Rachael was involved in an altercation with another student at Kent Theodore Roosevelt High School ("Kent Roosevelt"). As a result, she was suspended from school for ten days with a recommendation for expulsion. Rachael's parents, the Eckmeyers, were sent written notice on the same day explaining the suspension. In addition, the Eckmeyers were informed that they had the option to request an informal appeal of this decision to the assistant superintendent, Dr. Joe Giancola. Such request had to be received by the school within five days of receipt of the notice.
Four days later, September 28, 1998, Kent Roosevelt's principal, appellee Roger Sidoti ("Mr. Sidoti"), sent a letter to appellee Superintendent Dr. Marc Crail ("Dr. Crail") informing Dr. Crail that he had recommended Rachael's expulsion. On September 29, 1998, the Eckmeyers sent Dr. Crail a letter formally requesting an immediate hearing.
On September 30, 1998, Dr. Sidoti sent the Eckmeyers a letter informing them that a disciplinary hearing had been scheduled for October 5, 1998. In a letter dated October 5, 1998, Dr. Crail informed the Eckmeyers that in lieu of expulsion, he recommended that Rachael continue her education at the Portage County Opportunity School for the duration of the first semester of the 1998-1999 school year. The Eckmeyers were also notified that they had the right to appeal Dr. Crail's decision to the Board.
The Board held a public hearing on appellant's expulsion on October 20, 1998. Rachael and her parents attended the hearing and were represented by counsel throughout. During the course of the proceedings, three witnesses were called by Kent Roosevelt to testify. Although appellants chose not to call any witnesses or introduce any evidence at the hearing, their attorneys did cross-examine the school's three witnesses. At the close of the hearing, the Board affirmed Dr. Crail's decision and upheld Rachael's expulsion with some modifications.
Appellants subsequently appealed the decision of the Board to the Portage County Court of Common Pleas pursuant to R.C. Chapter 2506. The transcript of the proceedings conducted before the Board was filed as the record. However, on January 22, 1999, appellants filed a motion with the court to submit additional evidence in accordance with R.C. 2506.03. Appellants argued that a review of the transcript showed that the Board had failed to include conclusions of fact with its decision.
On February 3, 1999, appellees filed a combination motion to dismiss/motion in opposition to additional evidence. According to appellees, Rachael had already served her expulsion and was possibly enrolled in another school. As a result, they believed that appellants' appeal should be dismissed as moot. In the alternative, appellees maintained that appellants' motion for additional evidence should be dismissed because it was not filed in a timely manner.
In a judgment entry dated February 5, 1999, the court denied appellants' motion for additional evidence. In doing so, the court noted that according to the local rules of the Portage County Court of Common Pleas, General Division, such a motion must be filed with the court within ten days after the filing of the record or transcript. Appellants, however, had waited nearly a month before making such a motion. Thus, the court found the motion to be untimely.
Despite this, the court went on to find that it was apparent from the face of the transcript that conclusions of fact had not been filed. As a result, the court ordered appellees to complete the record by filing the Board's conclusions of fact.
On February 19, 1999, appellants filed another motion asking the court to vacate and set aside its earlier order denying her motion for additional evidence. This motion was supplemented by a brief filed on February 26, 1999. Appellants argued that their previous motion was not untimely because the time to file a motion for additional evidence did not begin to run until the transcript was complete. In addition, appellants essentially argued that the court's acknowledgment that there was a deficiency in the transcript of proceedings opened the record to all the evidence that either party wished to offer.
On March 2, 1999, the court denied appellants' motion to vacate. The court concluded that while the parties had a statutory right to introduce additional evidence pursuant to R.C. 2506.03(A), that right was not absolute. Moreover, while the Revised Code does not provide a time limit in which such a motion must be filed, Loc.R. 18.02 requires such motions to be filed within ten days of the date the record is filed. However, even if the parties failed to timely file a motion for additional evidence, the court was obligated to determine if the record was complete, and if it was not, the court must take appropriate steps to remedy the deficiency.
As for the timeliness of the motion, the court concluded that the duty to request additional evidence began to run when the transcript was filed, not when the completed transcript was filed. The court found no conflict between R.C. 2506.03 and Loc.R. 18.02 because the Code provided for an opportunity to request the admission of additional evidence, while the local rule simply established a reasonable time in which such motion could be filed.
During the interim between the filing of appellants' motion and the court's decision, the Board held a special session to compile conclusions of fact. On February 25, 1999, the Board complied with the court's February 5, 1999 order and filed its conclusions.
The parties eventually submitted written arguments in support of and opposition to the decision of the Board. On November 11, 1999, the common pleas court issued a judgment affirming Rachael's expulsion. In its written entry, the court reviewed the record and engaged in a limited weighing of the evidence that had been introduced during the hearing. Upon doing so, the court found that the Board's decision in affirming Rachael's suspension and modifying her expulsion were amply supported by reliable, probative and substantial evidence.
From this judgment, appellants filed a timely notice of appeal with this court on December 14, 1999. They now assert the following assignments of error for our review:
 "[1.] The Trial Court erred to the prejudice of Appellants in failing to order a trial to adduce additional evidence in accordance with R.C. 2506.03.
 "[2.] Defendants-Appellee's [sic] decision to expel Plaintiff-Appellant Rachael Eckmeyer was arbitrary, capricious and constituted an abuse of discretion as their decision to expel Rachael Eckmeyer was not based on substantial, reliable, credible, and probative evidence which established by a preponderance of the evidence the grounds upon which she was expelled."
 In their first assignment of error, appellants advance two reasons in support of their position. First, appellants argue that if it appears from the face of the record or by affidavit that any of the five criteria listed in R.C. 2506.03(A)(1) to (5) have occurred, the court is required to hold a hearing for the purpose of taking in additional evidence. According to appellants, a court does not have the authority pursuant to R.C. 2506.03 to remand the matter back to the administrative body for purposes of crafting conclusions. Under their second argument, appellants maintain that Loc.R. 18.02 is in direct conflict with R.C. 2506.03 and should be found void because a party should not be required to file a motion for additional evidence when the deficiency is obvious on the face of the record.
Before determining the merits of appellants' assigned error, we must first address appellees' contention that the only decision properly before this court is the November 16, 1999 judgment entry affirming the Board's actions. Specifically, appellees maintain that because appellants failed to attach to their notice of appeal copies of the February 5, 1999 and March 2, 1999 judgment entries, this court does not have jurisdiction to decide issues relating to those unattached entries. We disagree.
App.R. 3(D) provides:
 "Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."
 Again, based on this language, appellees argue that we cannot reach the issue of whether the common pleas court should have held an evidentiary hearing. In support, appellees cite to Slone v. Ohio Bd. of Embalmers Funeral Directors (1997), 123 Ohio App.3d 545, which held that an appellate court is without jurisdiction to review a judgment or order that is not designated in the appellants' notice of appeal.
We refuse to apply such a restricted construction of App.R. 3. InMaritime Manufacturers, Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257, 259, the Supreme Court of Ohio held that although appellants' notice of appeal did not comply in a technical sense with App.R. 3(C), the notice sufficiently served the intended purpose. The court reasoned that:
 "* * * [a] strict construction of App.R. 3(C) * * * is * * * inconsistent with the general attitude taken by this court toward the construction of procedural rules, case law of Ohio, the purpose underlying the notice of appeal requirement, as well as with the position of the United States Supreme Court.
 "This court has long recognized that, in construing the Rules of Appellate Procedure, the law favors and protects the right of appeal and that a liberal construction of the rules is required in order to promote the objects of the Appellate Procedure Act and to assist the parties in obtaining justice." Maritime at 258.
 Moreover, the court noted that it had "consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of the notice of appeal [was] challenged solely on technical, procedural grounds." Id. at 258-259.
Underlying the court's decision in Maritime was a recognition that rules must be construed in light of the purpose to which they serve.Id. at 259. As such, the court noted that the purpose of a notice of appeal is to "`* * * apprise the opposite party of the taking of an appeal[,]'" Id., quoting Capital Loan Savings Co. v. Biery (1938),134 Ohio St. 333, 339, and if this is completed in a reasonable and comprehendible manner, the purpose of the notice of appeal is accomplished. Maritime at 259, quoting Couk v. Ocean Accident Guar.Corp., Ltd. (1941), 138 Ohio St. 110, 116.
Similarly, in Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, syllabus, the Supreme Court of Ohio held that pursuant to App.R. 3(A) the only jurisdictional requirement for a valid appeal is the timely filing of the notice of appeal. Accordingly, when an appellate court is confronted with a notice of appeal that is defective for some reason other than timeliness, the court of appeals is vested with the discretion to determine whether sanctions, such as dismissal, are warranted. Id.
This decision, whatever it may be, will not be reversed absent an abuse of discretion. Id.
Based on Maritime and Transamerica, this court holds that the mere fact a party fails to attach every challenged judgment entry entered by a court to his or her notice of appeal does not result in an appellate court lacking jurisdiction to decide issues in those unattached entries. Instead, an appellate court retains the discretion to determine an appropriate sanction, if any.
We feel this result is particularly appropriate in the instant matter where, although appellants did not attach the two orders to their notice of appeal, they did list the court's failure to grant an evidentiary hearing as a potential issue on the docketing statement. Moreover, this court continues to prescribe to the well-settled maxim that cases should be decided on their merits and not on mere procedural technicalities.Barksdale v. Van's Auto Sales, Inc. (1988), 38 Ohio St.3d 127, 128. See, also, Zerinsky v. Zerinsky (Aug. 4, 1995), Lake App. No. 94-L-100, unreported, at 8, fn. 2, 1995 Ohio App. LEXIS 3238 (noting that all interlocutory orders and decrees are merged into the final judgment, and that by appealing a final judgment, an appellant can properly challenge those interlocutory rulings).
Turning to the merits of appellants' assigned error, we conclude that the common pleas court erred in allowing appellees to complete the transcript of proceedings by filing conclusions of fact without first holding a hearing in accordance with R.C. 2506.03. Judicial review of an R.C. Chapter 2506 administrative appeal is normally confined to a review of the complete transcript filed in the common pleas court. Boncha v.Mentor Mun. Planning Comm. (May 1, 1998), Lake App. No. 97-L-084, unreported, at 4, 1998 WL 258403. However, if the transcript is deficient or incomplete, R.C. 2506.03 provides for the trial court to conduct an evidentiary hearing to "fill in the gaps." R.C. 2506.03
states in pertinent part:
 "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to 2506.02 of the Revised Code unless it appears, on the face of the transcript or by affidavit filed by the appellant, that one of the following apply:
"* * *
 "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;
 "If any circumstances described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. * * *"
 Thus, under R.C. 2506.03(A)(5), if there were no conclusions of fact filed in support of the administrative body's decision, the common pleas court must hear the appeal upon the transcript of proceedings and such additional evidence as any party may wish to introduce. Boncha at 5; Dave Raischel, Inc. v. Eastlake (Dec. 31, 1998), Lake App. No. 97-L-280, unreported, at 2, 1998 WL 964490.
Here, although the court denied appellants' motion for additional evidence because it was untimely, the court ultimately found that the transcript of proceedings was deficient in that the Board had failed to include conclusions of fact with the remainder of the record. Accordingly, the court ordered the Board to complete the record by filing its conclusions of fact.
While this may seem to be a merely perfunctory exercise, in actuality the Board had never even set out its conclusions. As a result, the Board was required to call a special session on February 24, 1999 for that purpose. At this hearing, the Board adopted a resolution that set out the facts supporting its decision. This resolution was subsequently filed with the common pleas court on February 25, 1999.
In T.O.P. 1 Partners v. Stow (1991), 73 Ohio App.3d 24, the Ninth Appellate District addressed a very similar issue to the one presented in the instant matter. The facts of that case are as follows. T.O.P. 1 Partners filed an appeal with the common pleas court from a decision of the Stow City Council disapproving site plans for a shopping center in the former Workman Elementary School. Because the city had failed to file conclusions of fact with the transcript of proceedings, T.O.P. 1 Partners filed a motion to present additional evidence. The court, however, denied this motion and instead permitted the city's attorney to supplement the record by including conclusions of fact in its answer to T.O.P. 1 Partner's appeal. In reversing the common pleas court, the Ninth Appellate District concluded that allowing the city to supplement the record in such a way did not satisfy R.C. 2506.03. T.O.P. 1 at 25.The Tenth Appellate District also reached a similar conclusion in Rifev. Franklin Cty. Bd. Of Zoning Appeals (1994), 97 Ohio App.3d 73. InRife, the appellants appealed a decision of the Franklin County Board of Zoning Appeals ("Board of Zoning Appeals") approving the zoning administrator's issuance of a certificate of zoning compliance to a third party. In the common pleas court, appellants filed a motion to allow additional evidence, arguing that the transcript of proceedings did not contain conclusions of fact supporting the Board of Zoning Appeals decision.
The court denied the motion, concluding that R.C. 2506.03(A)(5) did not apply because the Board of Zoning Appeals had adopted the conclusions of fact contained in the zoning administrator's memorandum setting forth his reasons for granting the certificate. Holding that inclusion of the memorandum as part of the transcript of proceedings did not satisfy R.C. 2605.03(A)(5), the Franklin County Court of Appeals reversed the common pleas court decision. Rife at 77-78.
After looking at R.C. 2506.03 and how other courts have applied its provisions, we cannot agree that allowing the Board to "create" conclusions of fact after the transcript of proceedings had already been filed with common pleas court satisfied the dictates of the statute. Although appellants' motion was untimely under Loc.R. 18.02, the court was obligated, pursuant to R.C. 2506.03, to examine the record for completeness. As a result, upon finding a facial deficiency in the transcript of proceedings, the court should have, at a minimum, held an evidentiary hearing for the limited purpose of deducing conclusions of law to complete the record. See, generally, Stanger v. Worthington
(Sept. 23, 1997), Franklin App. No. 96APE12-1622, unreported, at 5, 1997 WL 596280; State ex rel. Bramley v. Wickliffe Bd. of Zoning Appeals (June 21, 1996), Lake App. No. 95-L-069, unreported, at 5, 1996 WL 648964;Hliaras v. Combined Health Dist. (June 28, 1991), Montgomery App. No. 12380, unreported, at 3, 1991 WL 116636.
Having said that, we are in no way implying that the Board or its attorneys fabricated the conclusions of fact that were filed. Rather, we are only saying that a common pleas court should, when faced with a transcript of proceedings lacking appropriate conclusions of fact, hold an evidentiary hearing to establish the factual basis for the decision being appealed. Otherwise a court runs the risk of allowing in evidence that had not been subjected to the adversarial process and is possibly inaccurate.
As for whether or not Loc.R. 18.02 is in conflict with R.C. 2506.03, we are reminded that it is well-settled in Ohio that a local court rule is invalid if it conflicts with a state statute. State ex rel. Gudzinas v.Constantino (1988), 43 Ohio App.3d 52, 53; Lee v. Heckelmann (Sept. 8, 1995), Lake App. No. 95-L-013, unreported, at 7, 1995 Ohio App. LEXIS 3906.
Here, the Portage County Court of Common Pleas has promulgated specific rules governing appeals from an administrative agency. Of these rules, Loc.R. 18.02 provides that any party requesting the introduction of additional evidence must file such motion within ten days after the filing of the record or transcript.
On the other hand, R.C. 2506.03 provides that a hearing on an appeal from an administrative agency shall be confined to the transcript unless certain defects exist, such as the administrative body failing to file conclusions of fact supporting the final order being appealed. Unlike Loc.R. 18.02, however, there is no time limit set out in Revised Code Chapter 2506 limiting a party's right to submit additional evidence.
Essentially, the question is whether Loc.R. 18.02 conflicts with R.C.2506.03 by imposing a time limit in which a party may file a motion to present additional evidence. After looking at the two rules, in addition to the general purpose behind each, we conclude that Loc.R. 18.02 is in conflict with R.C. 2506.03, and is, therefore, invalid.
Generally, the governing of a court's docket is left to the discretion of the judge. However, in the case of administrative appeals, the General Assembly has provided those parties challenging or supporting an administrative ruling a substantive right to introduce additional evidence if certain requirements are met. By imposing a ten-day limit on such motions, Loc.R. 18.02, in effect, abrogates this right. Accordingly, appellants' first assignment of error has merit.
Our disposition of appellants' first assignment of error does not necessitate this court addressing the second assigned error. The judgment of the court of common pleas is reversed and the matter is remanded for an evidentiary hearing consistent with this opinion.
FORD, P.J., NADER, J, concur.
 __________________________ JUDGE MARY CACIOPPO
JUDGE MARY CACIOPPO, J. Ret., Ninth Appellate District, sitting by assignment.