{¶ 27} I agree in the ultimate judgment affirming the lower court's decision in this case, as well as the legal analysis relating to the substantive issues addressed in the majority's opinion.
 {¶ 28} I also concur that Tina Brown is not a proper party in this appeal. However, I do so for different reasons than the majority. In this case, Tina Brown's name appears in the text of the notice of appeal. Tina Brown, however, did not sign the notice of appeal and Thomas Brown (the only signator on the notice) is not an attorney.
 {¶ 29} Generally, the persons named in the text of a notice of appeal constitute the appellants in the appellate action. See App.R. 3(D); Transamerica Ins. Co. v. Nolan (1995) 72 Ohio St.3d 320. Certainly that is the case when the parties are represented by counsel.
 {¶ 30} This rule is inapplicable to cases involving multiple pro se appellants. In the pro se situation, each appellant, acting pro se, must be named in the text of the notice of appeal and personally sign the notice of appeal and appellate briefs. Otherwise, the signing of the notice of appeal by one non-lawyer pro se individual on behalf of another pro se individual would constitute the unauthorized practice of law. This court does not have the authority to allow a non-attorney to practice law on behalf of another person in Ohio. In re Brown, Weiss and Wohl (1963),175 Ohio St. 149. While it is unfortunate that this court did not immediately detect Tina Brown's failure to sign the notice of appeal as a pro se appellant, responsibility for compliance with the appellate procedural requirements and the rules concerning the unauthorized practice of law ultimately rests with the individual party. Id. I would dismiss appellant Tina Brown's appeal for her failure to file a proper notice of appeal. Otherwise, I concur.