{¶ 31} I concur in the judgment affirming the lower court's decision solely because the lower court order for which this appeal was filed (a temporary order) is, on its face, not a final appealable order. General. Acc. Ins. Co. v. Insurance Co. ofNorth America (1989) 44 Ohio St.3d 17, 19; Route 20 BowlingAlley, Inc. v. Mentor (Sep. 30, 1993), 11th Dist. No. 93-L-010, 1993 Ohio App. LEXIS 4780 at *1 (citation omitted); The LydenCo. v. Muncipal Planning Comm. of Mentor (Sep. 17, 1993), 11th Dist. No. 92-L-193, 1993 Ohio App. LEXIS 4449, at *4 (citation omitted).
 {¶ 32} This ruling should not be misinterpreted to mean that the lower courts and parties can unilaterally decide when the filing of a notice of appeal divests a lower court of jurisdiction to proceed.
 {¶ 33} Generally, the filing of a notice of appeal invokes the jurisdiction of this court, see R.C. 2505.04; TransamericaIns. Co. v. Nolan (1995), 72 Ohio St.3d 320, 322, and divests the trial court of jurisdiction to proceed in the case. Daloiav. Franciscan Health Syst. of Cent. Ohio, Inc.,79 Ohio St.3d 98, 101 n. 5, 1997-Ohio-402; Westbay v. Westbay (Jun. 26, 1998), 11th Dist. No. 97-T-0069, 1998 Ohio App. LEXIS at *14;Bishop v. Bishop (Jun. 9, 2000), 11th Dist. Nos. 98-P-0055 and 98-P-0080, 2000 Ohio App. LEXIS 2523 at *18.
 {¶ 34} In most cases, once this court's jurisdiction is invoked, only this court can determine the validity of the appeal. Nolan, 72 Ohio St.3d at 322. Neither trial courts, nor parties can unilaterally decide the validity of a notice of appeal. Allowing trial courts and parties the unilateral right to make such a decision would erode the power of this court and introduce instability to the appellate process.
 {¶ 35} In the vast majority of cases, when the validity of an appeal is challenged, the correct procedure is for the appellee to file a motion to dismiss. See e.g., Columbus v. Adams (Jun. 14, 1983), 10th Dist. Nos. 83AP-305, 83AP-306, 83AP-307, 83AP-308, 83AP-415, 83AP-416, 83AP-417, 83AP-421, 83AP-448, 83AP-449, 1983 Ohio App. LEXIS 15236, at *2.
 {¶ 36} This action, however, presents an exception to the general rule, to wit: When the lower court ruling is facially not a final appealable order. In this case, the non-appealable nature of the lower court's temporary ruling is readily cognizable under R.C. 2505.02. Under this limited circumstance, the trial court's decision to proceed was correct.