OPINION
{¶ 1} Appellant Emanuel Bolds appeals the denial of his Motion for Post-Conviction Relief.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In November of 2004, the Stark County Grand Jury indicted Appellant Emanuel Jerome Bolds on one count of complicity to commit aggravated robbery with a firearm specification.
 {¶ 4} Appellant initially entered a plea of not guilty to this charge, and the case proceeded in the Stark County Court of Common Pleas before Judge V. Lee Sinclair.
 {¶ 5} Appellant changed his plea to one of guilty as charged. The trial court, after accepting Appellant's guilty plea, convicted him and sentenced him to the minimum sentence allowable by law, that being a prison term of three years for the underlying offense, and a mandatory consecutive three-year prison term for the firearm specification.
 {¶ 6} Appellant did not file a direct appeal from his conviction or sentence within the time period allowed.
 {¶ 7} In August of 2005, Appellant filed a petition for post-conviction relief pursuant to R.C. § 2953.2. In the petition Appellant argued that he was denied effective assistance of counsel by trial counsel's alleged failure to investigate the case adequately before advising him to plead guilty. According to Appellant, such an investigation would have revealed that he was not armed with a firearm during the commission of the crime. In its response to Appellant's petition, the State argued that Appellant's guilty plea and conviction were based on accomplice liability, and thus it was legally irrelevant whether he had a firearm in his possession or not during the commission of the aggravated robbery.
 {¶ 8} By Judgment Entry filed September 14, 2005, the trial court granted the State summary judgment and dismissed the petition on this ground.
 {¶ 9} On November 3, 2005, Appellant filed a notice of appeal which stated that the judgment entry appealed from was filed on October 11, 2005.
 {¶ 10} Upon review of the trial court docket this Court could find no judgment entry filed on or about that date in October.
 {¶ 11} The only judgment entry filed before October was the September 14, 2005, judgment entry dismissing the post-conviction relief petition.
 {¶ 12} Appellant's docketing statement, which was not filed until December 27, 2005, indicates that the judgment entry being appeal is in fact this September 14, 2005, Entry, and further indicates that the appeal is a post-conviction relief [R.C.2953.21] appeal.
 {¶ 13} By Judgment Entry filed January 3, 2006, this Court dismissed Appellant's appeal as being untimely, stating as follows:
 {¶ 14} "This Court hereby sua sponte dismisses the within appeal for want of a timely Notice of Appeal. It appears from the face of the Notice of Appeal that was filed on November 3, 2005, that Appellant is attempting to appeal a judgment on September 14, 2005. As such, from the face of the Notice of Appeal, it appears the within appeal is untimely." State v. Bolds, Stark App. No. 2005-CA-00274, Judgment Entry (filed Jan. 3, 2006).
 {¶ 15} On January 27, 2006, Appellant filed a motion for reconsideration. In such motion Appellant argued that his notice of appeal was actually filed on October 13, 2005, and was thus filed within the time allowed.
 {¶ 16} This Court sustained the motion for reconsideration, per Judge John W. Wise. The Court reinstated the appeal by ordering that the "time schedule provided by the Appellate Rules shall begin as of the date of this Judgment Entry." No explanation or reasons were contained in this Court's judgment entry.
 {¶ 17} Additionally, on November 14, 2005, Appellant filed a separate notice of appeal in which he specifically stated that he was appealing the trial court's judgment entry filed on September 14, 2005. Upon motion of the State, this Court also dismissed this appeal as untimely, finding:
 {¶ 18} "This matter came before the Court for consideration of Appellee's motion to dismiss for want of a timely notice of appeal. No response has been filed.
 {¶ 19} "Upon review, it appears from the face of the Notice of Appeal that was filed on November 15, 2005, that Appellant is attempting to appeal a judgment entered September 14, 2005. As such from the face of the Notice of Appeal, it appears the appeal is untimely.
 {¶ 20} "APPEAL DISMISSED." State v. Bolds, Stark App. No. 2005-CA-00288, Judgment Entry (filed Dec. 29, 2005).
 {¶ 21} Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 22} "I. THE TRIAL COURTS FINDING OF GUILT IS AGAINST HE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 23} "II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES WITHOUT COMPLYING WITH THE STATUTORY CRITERIA OR MAKING THE REQUISITE FINDINGS.
 {¶ 24} "III. A SENTENCING JUDGE EXCEEDS HIS PROPER AUTHORITY WHEN HE INFLICTS PUNISHMENT THAT THE JURY'S VERDICT ALONE DOES NOT ALLOW, AS THE JURY HAS NOT FOUND ALL THE FACTS WHICH THE LAW MAKES ESSENTIAL TO THE PUNISHMENT."
 I., II., III. {¶ 25} Upon review of Appellant's assignments of error, this Court finds that none of Appellant's three assignments of error relate to the trial court's September 14, 2005, Judgment Entry denying his petition for post-conviction relief. Instead, each of these assignments of error relate to the original judgment entry of conviction and sentence filed by the trial court on January 26, 2005.
 {¶ 26} Upon review, this Court finds that Appellant's notice of appeal filed in this matter was not timely filed as to either the September 14, 2005, Judgment Entry denying his petition for post-conviction relief or the Judgment Entry of conviction and sentence filed by the trial court on January 26, 2005.
 {¶ 27} A timely notice of appeal must be filed in order to properly invoke an appellate court's jurisdiction. TransamericaInsurance Co. V Nolan (1995), 72 Ohio St.3d 320, 322,649 N.E.2d 1229, 1231; State v. Mapson (1982), 1 Ohio St.3d 217, 220,438 N.E.2d 910, 914.
 {¶ 28} We therefore find that this Court is without jurisdiction to review the appeal absent a notice of appeal filed within time.
 {¶ 29} The appeal in this case is dismissed
Boggins, J. Farmer, P.J and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Stark County Court of Common Pleas, is dismissed. Costs assessed to appellant.