[Cite as *State v. Purtilo*, 2014-Ohio-5709.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2014-L-085** |
| ROBERT J. PURTILO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 13 CR 000963.

Judgment: Appeal dismissed.

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*J. Charles Ruiz-Bueno*, Charles Ruiz-Bueno Co., LPA, 36130 Ridge Road, Willoughby, OH 44094 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.,

{¶1} On August 27, 2014, appellant, by and through his appointed counsel, Attorney J. Charles Ruiz-Bueno, filed a notice of appeal from a June 30, 2014 judgment entry of appellant's conviction and sentence issued by the Lake County Court of Common Pleas.

{¶2} App.R. 4(A) states in part:

{¶3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed. * * *."

{¶4} A timely notice of appeal from the June 30, 2014, was due to be filed in the trial court no later than July 30, 2014, which was not a weekend or a holiday. Thus, the appeal is untimely by almost a month.

{¶5} In the notice of appeal, appellant indicates that a motion for delayed appeal pursuant to App.R. 5(A) was filed contemporaneously with the notice.

{¶6} App.R. 5(A) states, in relevant part:

{¶7} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings;

{¶9} "(b) Delinquency proceedings; and

{¶10} "(c) Serious youthful offender proceedings.

{¶11} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *."

{¶12} In the present case, the trial court docket reflects that appellant filed a motion for delayed appeal with that court on August 27, 2014. Further, the trial court issued a judgment entry on September 12, 2014, which granted the motion for delayed appeal. However, there are no provisions in the Ohio Rules of Court for a motion for delayed appeal to be filed with and ruled upon by a trial court. Pursuant to App.R. 5(A), the motion for delayed appeal must be filed with the court of appeals for this court's

2

consideration. Thus, the granting of said motion with the trial court has no effect on the present appeal.

{¶13} Since appellant has neither complied with the thirty-day rule set forth in App.R. 4(A) nor sought leave to appeal with this court, this court lacks jurisdiction to consider this appeal.

{¶14} Appellant has a remedy to file an untimely appeal from a criminal judgment under App.R. 5(A) with the court of appeals.

{¶15} Appeal dismissed, sua sponte, pursuant to App.R. 4(A).


DIANE V. GRENDELL, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶16} The majority states that appellant's delayed appeal was improperly filed with the trial court and this court is without jurisdiction to consider it. I disagree. It is true that appellant filed a Motion for Delayed Appeal (and a separate Notice of Appeal) and that the caption at the top of both motions states "IN THE COURT OF COMMON PLEAS – LAKE COUNTY, OHIO" and does not properly identify this court. It is also true that the Lake County Clerk's office stamped both motions "FILED – COURT OF APPEALS." This issue is not jurisdictional as the appeal was filed with the clerk and the error was clerical and de minimis. If we dismiss, the appellant will just re-file. Therefore a dismissal does not serve the interest of judicial economy or equity.

3

**{¶17}** When presented with defects in a notice of appeal, a court of appeals has the discretion to decide if sanctions, including dismissal, are warranted. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St. 3d 320, syllabus (1995). I do not feel that the sanction of dismissal is warranted. This court should address the merits of appellant's request for a delayed appeal and sua sponte correct the captioning error as the Clerk of the Lake County Court is also the Clerk for the Court of Appeals.

**{¶18}** I respectfully dissent.