DECISION
 {¶ 1} Defendant-appellant, Paul R. Panico, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding expert witness fees arising out of the divorce action between defendant and plaintiff-appellee, Teresa S. Panico. Because the record inadequately supports the trial court's award of expert witness fees, we reverse.
 {¶ 2} Plaintiff filed a complaint in October 2003 seeking a divorce from defendant. After a five-day trial, the trial court, among other things, ordered defendant to pay (1) $25,814 in fees for plaintiff's expert witness caused by defendant's "delays, lack of cooperation and other difficulties with discovery," and (2) $2,762.50 for the fees and expenses plaintiff's psychologist, Dr. Marianne N. Collins, incurred in complying with the subpoena defendant issued. Defendant appeals, assigning two errors:7
 Assignment of Error #1: The Trial Court erred and abused its discretion by awarding [plaintiff] the sum of $25,814.00 to pay the fees of her expert witness in the absence of any legal justification for such an award and without evidentiary support for such an award.
 Assignment of Error #2: The Trial Court abused its discretion by ordering [defendant] to pay $2,762.50 in expert witness Fees and Expenses with no legal justification for the award.
I. First Assignment of Error
 {¶ 3} Defendant's first assignment of error contends the trial court erred by ordering him to pay the fees for plaintiff's expert witness when no legal or factual basis for the award exists in the record. The decision whether to award expert witness fees in a divorce action is within the discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359; Tonti v. Tonti, Franklin App. No. 03AP-494,2004-Ohio-2529.
 {¶ 4} R.C. 3105.73(A) governs the award of attorney fees and litigation expenses and provides that "[i]n an action for divorce * * * a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant facts the court deems appropriate."
 {¶ 5} The trial court required defendant to pay plaintiff $25,814 for expert witness fees that defendant's "delays, lack of cooperation and other difficulties with discovery" caused. Whether conjunctively or disjunctively phrased, the court, in whole or in part, appears to have awarded plaintiff expert witness fees for difficulties defendant caused during discovery. Although plaintiff filed two motions for contempt and two motions to compel, only one of her motions amounted to a discovery dispute; the other motions either do not claim or do not demonstrate other discovery difficulties.
 {¶ 6} The only recorded discovery dispute involved plaintiff's second motion to compel. The court heard evidence off the record, sustained plaintiff's motion to compel, and ordered defendant to pay plaintiff's law firm $1,500. Although the court reserved the right to increase the amount of the award if defendant did not produce the requested documents by a certain date, the court's lack of further action suggests defendant fully complied with the order. In any event, the record does not reflect further action on plaintiff's motion or any other award specified to be in connection with it.
 {¶ 7} Although the resolved discovery dispute demonstrates one instance where defendant caused a "difficulty" in discovery, it fails to support the basis for the court's award because, in addressing plaintiff's motion to compel, the trial court already required defendant to pay sanctions for his misconduct. In addition, the record discloses no further discovery misconduct to support an award of sanctions. With the record reflecting no other grounds to further compensate for the single discovery dispute, and without any other evidence of discovery misconduct, the trial court, in whole or in part, based the award of fees upon a factor absent from the record.
 {¶ 8} Ordinarily, the absence in the record of evidence supporting the trial court's determination would cause us to reverse the court's order. In this instance, however, we cannot readily ascertain from the wording of the trial court's order whether the trial court, in referring to delays, lack of cooperation and other difficulties, intended to address those issues outside of discovery. We thus cannot determine whether, as plaintiff suggests, the trial court had some other reasonable basis outside the realm of discovery to support an award of expert witness fees. As a result, we sustain defendant's first assignment of error to the extent of remanding this case to the trial court to allow the trial court to reexamine its basis for awarding plaintiff's expert witness fees and to support its decision with its reasons for the award. Should the trial court on reexamination be able to set forth nothing more than the single discovery dispute for which it already imposed a sanction, the trial court should deny the request for expert witness fees.
II. Second Assignment of Error
 {¶ 9} Defendant's second assignment of error contends the trial court abused its discretion by ordering him to pay Dr. Collins $2,762.50 in fees and expenses incurred in complying with defendant's subpoena.
 {¶ 10} Defendant issued a subpoena duces tecum commanding Dr. Collins to attend and testify at trial and to produce her "entire file, but not limited to, any and all billing records for [plaintiff], any and all monthly and/or periodic statements, itemized billing records or billing worksheets." According to Dr. Collins' affidavit, she did not receive the subpoena until the Friday afternoon before the Monday morning trial date and had to rearrange her professional schedule to accommodate defendant's order. Dr. Collins further averred she could not produce the requested billing records because her then out-of-town secretary electronically maintained them. Dr. Collins moved to quash defendant's subpoena duces tecum to the extent it required her to bring the billing records, and she requested she be compensated for her time spent complying with defendant's subpoena.
 {¶ 11} On the morning of trial, the court heard arguments on Dr. Collins' motions. Defendant explained that he subpoenaed Dr. Collins and requested her billing records to determine whether Dr. Collins was ethically attending the trial as a bystander. Because defendant intended to call Dr. Collins as a fact witness, not as an expert witness, defendant contended Dr. Collins should not be compensated in her professional capacity. Plaintiff responded that defendant should be required to pay Dr. Collins' fees because he subpoenaed her on short notice, causing her to rearrange her professional schedule, and because defendant would likely question her in her capacity as a psychologist.
 {¶ 12} The trial court orally granted Dr. Collins' motion to quash as it related to the billing records, and the court required defendant to compensate Dr. Collins as an expert if he called her to testify. The court warned the parties, however, that plaintiff might be responsible for paying a portion of Dr. Collins' fees if plaintiff's line of questioning exceeded the scope of cross-examination.
 {¶ 13} Defendant called Dr. Collins to testify but limited his questions to whether Dr. Collins billed plaintiff for attending the trial; plaintiff cross-examined Dr. Collins on the same subject. The interplay between the parties and Dr. Collins on the subject consumed just over ten pages in the transcript. After questioning Dr. Collins within the scope of defendant's direct examination, plaintiff diverged into Dr. Collins' professional background and qualified her as an expert witness in the field of psychology. Plaintiff then questioned Dr. Collins about not only her counseling sessions with plaintiff but also plaintiff's mental health; defendant reexamined Dr. Collins on the subject matter elicited in plaintiff's extended cross-examination. The line of questioning pertaining to plaintiff's counseling sessions and mental health covered over 50 pages in the transcript.
 {¶ 14} After Dr. Collins testified, the trial court requested that she calculate and submit her fees; the court reserved the right to determine which side would be required to pay her fees. Three days later, Dr. Collins submitted a statement requesting $1,562.50 for her expert fees, calculated at $250 an hour for three hours of preparation and 3.5 hours at trial, and $1,200 for attorney fees billed at $150 an hour for eight hours devoted to preparing the motion to quash and attending the trial. On August 22, 2006, the court ordered defendant to pay Dr. Collins $2,762.50 for her fees and expenses because defendant's subpoena forced her to attend trial.
 {¶ 15} Defendant first argues the court erred by ordering him to pay Dr. Collins' attorney fees. Civ.R. 45(E) states that "[t]he court from which a subpoena was issued may impose upon a party or attorney in breach of the duty imposed by division (C)(1) of this rule an appropriate sanction, which can include, but is not limited to, lost earnings and reasonable attorney's fees." Civ.R. 45(C)(1) requires a party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena."
 {¶ 16} Here, because defendant subpoenaed Dr. Collins' billing records on short notice, the trial court quashed that portion of defendant's subpoena. Had the court found defendant's ill-timed subpoena created an undue burden or expense on Dr. Collins, Civ.R. 45(E) would justify requiring defendant to pay Dr. Collins' attorney fees related to her motion to quash. The court, however, required defendant to pay all of Dr. Collins' attorney fees, including those incurred when her attorney attended trial. In doing so, the trial court did not explain whether the award was premised on defendant's ill-timed subpoena and Dr. Collins' motion to quash or was based or some other factor. Without some further explanation from the trial court, this court is unable to determine whether the trial court's order is reasonable. Because we must remand this matter under defendant's first assignment of error, the trial court will have the opportunity on remand to also provide a basis for requiring defendant to pay Dr. Collins' attorney fees, thus allowing this court, if the matter again be appealed, to determine whether the remedy is appropriate to the stated wrong.
 {¶ 17} Defendant next argues the court erred by ordering him to pay all of Dr. Collins' expert witness fees. Absent a special allocation, parties are generally required to pay their own witness fees. R.C.3105.73(A) provides that a court may allocate witness fees as a litigation expense to either party if the court finds the award equitable.
 {¶ 18} Here, even though both parties treated Dr. Collins as their own witness, the trial court ordered defendant to pay all of Dr. Collins' fees. Although the court may allocate Dr. Collins' fees to defendant under R.C. 3105.73(A), the record on its face does not reveal the equity for such an allocation: plaintiff not only exceeded the scope of defendant's direct examination, but qualified Dr. Collins as an expert witness in the field of psychology and then asked her detailed questions about plaintiff's counseling sessions and mental health. Absent an equitable reason not expressed in the trial court's order, the trial court's preliminary ruling at first blush appears the more equitable of the two, with plaintiff paying that portion of Dr. Collins' fees attributable to her treating Dr. Collins as her own witness. Again, because this matter is being remanded under the first assignment of error, the trial court will have the opportunity to delineate the equitable basis for the court's special allocation of Dr. Collins' expert witness fees. In doing so, the court should consider Dr. Collins' fees associated with her preparation for trial separately from her fees arising out of her attending the trial.
 {¶ 19} Defendant's second assignment of error is sustained to the extent indicated.
 {¶ 20} Having sustained defendant's first and second assignments of error to the extent indicated, we reverse the judgment of the trial court and remand for further proceedings consistent with this decision.
Judgment reversed and case remanded.
McGRATH and TRAVIS, JJ., concur.