OPINION
{¶ l} Defendant-appellant, Paul R. Panico, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding expert witness fees to plaintiff-appellee, Teresa S. Panico, and witness fees and expenses to Dr. Marianne N. Collins. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} On October 16, 2003, Teresa filed a complaint for divorce and requested temporary spousal and child support. Based upon Paul's representation that he earned *Page 2 
$100,000 a year, the parties drafted an agreed judgment entry setting Paul's temporary spousal and child support payments at $3,625 per month. The trial court signed the agreed judgment entry, and the clerk journalized it on September 21, 2004.
 {¶ 3} Paul subsequently contested the amount of his income, claiming that he actually earned much less than $100,000. Consequently, Paul sought a downward modification of his temporary spousal and child support obligations.
 {¶ 4} Prior to a hearing on modification, Teresa asked her expert witness, Richard Ferguson, to determine Paul's income. Ferguson expended substantial time on this task because Paul was self-employed and generated income from two separate businesses.
 {¶ 5} Ferguson appeared at the February 17, 2005 modification hearing ready to testify as to the amount of Paul's annual income. After Paul's expert witness testified, the trial court suggested that Ferguson testify next. Paul's counsel objected, so Ferguson was unable to testify on the first day of the hearing. The day before the hearing commenced again, Paul stipulated that his income for 2004 was, in fact, $100,000. Paul's stipulation rendered superfluous Ferguson's investigation into and testimony about Paul's income. Although Ferguson testified on the second day of the hearing, he only addressed Teresa's expenses. Ultimately, the trial court denied Paul's motion for modification.
 {¶ 6} The trial court conducted a trial on Teresa's complaint for divorce on May 10, 11, 27, and 31 and concluded the proceedings on Monday, June 20, 2005. On the Friday before the last day of the trial, Paul's attorney caused a subpoena to be served *Page 3 
upon Dr. Collins, Teresa's psychologist. The subpoena ordered Dr. Collins to attend trial on Monday, June 20 and to produce her entire file for Teresa, including all billing records.
 {¶ 7} Dr. Collins appeared at court as ordered, but she also filed a motion to quash the subpoena to the extent that it required the production of her billing records. Dr. Collins' secretary electronically maintained her billing records, and because the secretary was vacationing, Dr. Collins could not access the records. Dr. Collins' motion also requested that the trial court compensate her for the time she spent in complying with the subpoena. The trial court granted Dr. Collins' motion to quash, and promised a future ruling regarding what compensation was due to Dr. Collins.
 {¶ 8} After testifying, Dr. Collins filed with the trial court a statement of her fees and expenses. Dr. Collins' itemization totaled $2,762.50 and included $1,562.50 for the time she spent preparing and testifying, as well as $1,200 for her attorney fees. On August 22, 2005, the trial court granted Dr. Collins' June 20, 2005 motion and ordered Paul to pay her $2,762.50.
 {¶ 9} On November 7, 2005, the trial court issued a decision in which it resolved all of the remaining disputed issues. In relevant part, because of "the delays, lack of cooperation and other difficulties with discovery occasioned by the Defendant," the trial court awarded Teresa $25,814 for the fees that Ferguson charged for his work as her expert witness. (Decision, at 3.) On March 21, 2006, the trial court entered a judgment and decree of divorce that incorporated its award of expert witness fees.
 {¶ 10} Paul appealed the judgment and decree of divorce to this court.Panico v. Panico, Franklin App. No. 06AP-376, 2006-Ohio-6650
("Panico I"). On appeal, Paul contended that the trial court erred in ordering him: (1) to pay Teresa $25,814 for her *Page 4 
expert witness fees, and (2) to pay Dr. Collins $2,762.50 for her fees and expenses. In response to Paul's first argument, we reviewed whether the record demonstrated "delays, lack of cooperation and other difficulties with discovery occasioned by the Defendant." (Decision, at 3.) We found evidence of only one discovery dispute, which the trial court resolved by granting a motion to compel and by awarding Teresa $1,500 in attorney fees. Panico at ¶ 6. Because the trial court had already sanctioned Paul for the misconduct underlying that discovery dispute, it could not serve as the basis for the award of expert witness fees. Id. at ¶ 7. We, however, did not simply reverse the award. Rather, we found that the trial court's reasons for awarding the expert witness fees were unclear, and we remanded the matter to the trial court so that it could "reexamine its basis for awarding plaintiff's expert witness fees and to support its decision with its reasons for the award." Id. at ¶ 8.
 {¶ 11} With regard to Paul's second argument, we concluded that the trial court did not explain the basis on which it awarded Dr. Collins her fees and expenses. We remanded the issue to the trial court so it could specify its grounds for granting Dr. Collins her fees and those of her attorney.
 {¶ 12} On remand, the trial court again awarded expert witness fees to Teresa and fees and expenses to Dr. Collins. Paul now appeals from that judgment and assigns the following errors:
 [1.] The Trial Court disregarded the explicit directives of this Court in Panico I by awarding appellee the sum of $25,845.00 in fees for her expert witness.
 [2.] The Trial Court abused its discretion in allocating $25,845.00 of appellee's expert fees to appellant based upon alleged conduct that either does not appear in the record or did not cause appellee to incur additional expert witness fees. *Page 5 
 [3.] The Trial Court disregarded the explicit directives of this court in Panico I by allocating all of Dr. Collins' expert witness fees to appellant without delineating an equitable basis for the special allocation of such fees.
 {¶ 13} By his first assignment of error, Paul argues that the trial court completely ignored the mandate of Panico I when it awarded Teresa expert witness fees. We disagree.
{¶ l4} Pursuant to the law of the case doctrine, "[a]bsent extraordinary circumstances, * * * an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus. Although this doctrine is not a binding rule of substantive law, it "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Id. at 3. To achieve these goals, a trial court may not extend or vary the mandate of an appellate court, but is instead bound by that mandate. Id. at 4;Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, 323.
{¶ l5} In Panico I, we held that the record only established one instance of misconduct during discovery, and that that one instance did not justify an award of expert witness fees to Teresa. However, we remanded the case to the trial court so that it could find "some other reasonable basis outside the realm of discovery to support an award of expert witness fees." Panico I, at ¶ 8. On remand, the trial court set forth three reasons for the award: (1) Paul failed to comply with Teresa's reasonable discovery requests and the records Paul did disclose were incomplete, disorganized, and incomprehensible; (2) by contesting the amount of his income, Paul caused extra work for Teresa's expert *Page 6 
witness, which Paul's subsequent stipulation rendered unnecessary; and (3) the disparity in the parties' incomes.
 {¶ 16} To the extent that the trial court continued to rely upon discovery matters as a basis for the award of expert witness fees, the trial court failed to follow Panico I. Nevertheless, the trial court abided by this court's mandate when it cited two bases unrelated to Paul's conduct in discovery. Therefore, we conclude that, in sum, the trial court complied with Panico I.
 {¶ 17} Paul, however, argues that Panico I restricted the trial court to consideration of Paul's conduct — and no other factor — in determining whether expert witness fees were appropriate. Thus, Paul asserts, the trial court disregarded Panico I when it relied on the disparity in the parties' incomes as a reason for the award of fees. We find this argument unavailing. Nothing in Panico I limited the trial court's review on remand to a consideration of Paul's conduct. Furthermore, Paul's argument ignores that one of the trial court's reasons for the award was Paul's conduct, i.e., his decision to dispute, and then concede, that his annual income was $100,000. Therefore, even under Paul's erroneous interpretation of Panico I, the trial court supported its award of expert witness fees as this court mandated. Accordingly, we overrule Paul's first assignment of error.
 {¶ 18} By Paul's second assignment of error, he argues that the trial court abused its discretion when it granted Teresa her expert witness fees. We disagree.
 {¶ 19} Pursuant to R.C. 3105.73(A):
 In an action for divorce * * *, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary *Page 7 spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.
Appellate courts review an award of litigation expenses (such as expert witness fees) under an abuse of discretion standard. Moore v. Moore, Ottawa App. No. OT-06-005, 2008-Ohio-255, at ¶ 92; Newman v. Newman, Licking App. No. 2003 CA 00105, 2004-Ohio-5363, at ¶ 85. Thus, an appellate court must affirm the trial court's judgment unless it is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} In the case at bar, the trial court held that an award of expert witness fees was equitable due to Paul's conduct and the disparity in the parties' incomes. First, the trial court found that Paul caused Teresa's expert to spend unnecessary time examining Paul's personal and business financial records to calculate his income. Paul represented that his annual income was $100,000, but then contested that amount. To rebut Paul's assertion that he earned much less than $100,000, Teresa had to ask her expert, Ferguson, to determine Paul's income. Ferguson's analysis of Paul's 2003 and 2004 income generated fees in excess of $4,500 and $1,500 in copying costs. Paul conceded that his annual income was, in fact, $100,000 before Ferguson could testify, so Ferguson's analysis was unneeded, and thus, Teresa never introduced it into the record. Second, the trial court found that, at the time of the divorce, Paul earned $100,000 per year, and Teresa earned nothing.
 {¶ 21} A party's conduct and the disparity in the parties' incomes can be reasons for awarding fees. See Parker v. Parker, Franklin App. No. 05AP-1171, 2006-Ohio-4110, at ¶ 37; Karales v. Karales, Franklin App. No. 05AP-856, 2006-Ohio-2963, at ¶ 25. The record includes evidence supporting both reasons. Therefore, we conclude that the trial court did not abuse its discretion in awarding expert witness fees to Teresa.
 {¶ 22} By Paul's third assignment of error, he argues that the trial court erred in ordering Paul to pay Dr. Collins her fees and her attorney's fees. We agree.
 {¶ 23} Civ.R. 45(C)(1) requires any party or attorney who causes the issuance of a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." If a party or attorney breaches this duty, "[t]he court from which a subpoena was issued may impose * * * an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees." Civ.R. 45(E).
 {¶ 24} Civ.R. 45(E) represents the only basis upon which the trial court could compensate Dr. Collins for the time and expense she spent in responding to the subpoena.[1] The trial court, however, did not address whether the subpoena imposed an undue burden upon Dr. Collins. We must remand this case so that the trial court may consider this question. If the trial court finds that the subpoena unduly burdened Dr. Collins, it may sanction Paul in the amount of her fees and her attorney's fees (or, if it chooses, in a different amount). Conversely, if the trial court finds that Dr. Collins was not unduly burdened, it cannot sanction Paul. Accordingly, we sustain Paul's assignment of error, but only to the extent reflected by the above analysis.
 {¶ 25} For the foregoing reasons, we overrule Paul's first and second assignments of error, but we sustain his third assignment of error to the extent indicated. Therefore, we affirm in part and overrule in part the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and we remand this case to that court for further proceedings consistent with law and this opinion.
[1] R.C. 3105.73(A) allows courts to award attorney fees and litigation expenses "to either party." Here, the trial court made its award directly to Dr. Collins, who is not a party to the divorce.
Judgment affirmed in part, reversed in part, and cause remanded.
BRYANT and BROWN, JJ., concur. *Page 1