SEIPELT, Appellant and Cross-appellee, et al.,

v.

MOTORISTS MUTUAL INSURANCE COMPANY,
Appellee and Cross-appellant, et al.■

[Cite as *Seipelt v. Motorists Mut. Ins. Co.* (1992), 81 Ohio App.3d 530.]

Court of Appeals of Ohio,
Brown County.

No. CA90–07–006.

Decided June 29, 1992.

*Kennedy & Zugelter* and *Carl W. Zugelter,* for appellant and cross-appellee.

*Ely & True* and *Gary D. Ostendarp,* for appellee and cross-appellant.

*Per Curiam.*

This matter came on to be considered upon a motion for leave to amend the notice of appeal filed pursuant to App.R. 3(E) or, in the alternative, a motion to reconsider filed pursuant to App.R. 26 filed by counsel for appellant and cross-appellee, Helen Jo Seipelt, on December 31, 1991. Counsel for appellee and cross-appellant filed a memorandum in opposition on January 10, 1992.

Helen Seipelt asks this court to amend the notice of appeal which was filed in the name of Helen Seipelt to include the names of Dawn Seipelt and Charles Countryman, plaintiffs in the action below. Alternatively, Helen Seipelt asks this court to reconsider that part of our decision at page four, fn. two, which states "[s]ince Helen Seipelt is the only plaintiff to file a notice of appeal, we consider her to be the appellant in this case. Therefore, we refer only to her, not the other plaintiffs in this opinion unless otherwise specified." See *Seipelt v. Motorists Mut. Ins. Co.* (Dec. 23, 1991), Brown App. No. CA90–07–006, unreported, 1991 WL 274311.

App.R. 3(C) provides that the notice of appeal "shall specify the party or parties taking the appeal * * *." Helen Seipelt argues that as the notice of appeal refers to "Helen Jo Seipelt, et al.," and as the briefs always refer to "appellants" in the plural, the parties to the appeal were adequately designated. We find no Ohio law on this particular issue, but federal courts interpreting the identical federal rule have concluded that the term "et al." is insufficient to designate appealing parties in a notice of appeal.

In *Torres v. Oakland Scavenger Co.* (1988), 487 U.S. 312, 317–318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285, 292, the United States Supreme Court stated:

"Petitioner urges that the use of 'et al.' in the notice of appeal was sufficient to indicate his intention to appeal. We cannot agree. The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase 'et al.,' which literally means 'and others,' utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions. The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal.

"We recognize that construing Rule 3(c) as a jurisdictional prerequisite leads to a harsh result in this case, but we are convinced that the harshness of

our construction is 'imposed by the legislature and not by the judicial process.' " (Citation omitted.)

In *Torres*, the court held that the failure to comply with the requirement of specifying the party or parties taking the appeal "is more than an excusable 'informality'; it constitutes a failure of that party to appeal[,]" and is therefore a jurisdictional bar. *Id.* at 314, 108 S.Ct. at 2407, 101 L.Ed.2d at 290; *Minority Employees v. Tennessee Dept. of Emp. Security* (C.A.6, 1990), 901 F.2d 1327, 1331–1332, certiorari denied (1990), 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170.

We agree with the federal courts' analysis. We hold that the term "et al." in the notice of appeal was not sufficient to designate Dawn Seipelt or Charles Countryman as appealing parties. They have failed to timely file a notice of appeal pursuant to App.R. 4 and this court has no jurisdiction as to them. See *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 42–43, 67 O.O.2d 209, 210–211, 311 N.E.2d 870, 872–873. Accordingly, the motion to amend the notice of appeal is denied.

■ As to the motion for reconsideration, we would first point out that the trial court's decision was favorable to Charles Countryman and he is unaffected by Helen Seipelt's assignment of error. Therefore, he is technically irrelevant to the motion now before this court and there is no reason to reconsider this court's decision as to him.

■ As to Dawn Seipelt, it is our view that in our decision we determined the rights of the insureds under a contract of insurance. Dawn Seipelt has the same rights under the contract as does Helen Seipelt, regardless of whether she was a party to the appeal or not, rights which we would deem enforceable. Her rights and Helen Seipelt's rights are so "interwoven or dependent on each other as to require a reversal of the whole judgment." *Wigton v. Lavender* (1984), 9 Ohio St.3d 40, 9 OBR 129, 457 N.E.2d 1172, syllabus. This is not a case where either Helen or Dawn Seipelt would have "no interest in this appeal except as to have the judgment reversed" as to each individually. Dawn Seipelt is not seeking to "reap [what she has] not sown." *Id.* at 43, 9 OBR at 132, 457 N.E.2d at 176.

Further, we can see no prejudice to Motorists Mutual by this conclusion when they argued the case to include Dawn Seipelt anyway. It is apparent from the record that Motorists Mutual simply never noticed the error made by opposing counsel. We do not believe Motorists Mutual should be able to avoid an adverse decision by capitalizing on a mistake in the notice of appeal that it never even noticed.

In sum, we find that the rights of Helen Seipelt, Dawn Seipelt and Charles Countryman are adequately delineated by our decision as it currently stands. Accordingly, there is no need to reconsider and the motion for reconsideration is denied.

*Motions denied.*

KOEHLER, P.J., WILLIAM W. YOUNG and WALSH, JJ., concur.