ERVIN, Appellee,

v.

AMERICAN FUNDING CORPORATION, Appellant, et al.

[Cite as *Ervin v. Am. Funding Corp.* (1993), 89 Ohio App.3d 519.]

Court of Appeals of Ohio,
Clermont County.

No. CA93–03–021.

Decided July 19, 1993.

*Thompson & Company, L.P.A.,* and *Howard S. Levey,* for appellee.

*Young & Alexander Co., L.P.A.,* and *Barbara A. Lahmann,* for appellant.

---

JONES, Presiding Judge.

Defendant-appellant, American Funding Corporation, appeals an order of the Clermont County Court of Common Pleas overruling its motion to stay the trial of an action filed by plaintiff-appellee, Richard R. Ervin, under Ohio's Business Opportunity Purchaser's Protection Act.[1]

In October 1990, appellee observed a classified advertisement appellant placed in a Cincinnati, Ohio area newspaper offering a business opportunity. After initially responding to the advertisement, appellee had various discussions and meetings with the defendants that culminated in appellee's and appellant's

---

1. In addition to appellant, North American Capital; Inc., Dan Presson, and Michael Bukowsky were named as defendants. However, defendants' counsel filed a notice of appeal in which "the defendants, American Funding Corporation, et al.," appealed the trial court's judgment. This court has held that a notice of appeal containing the term "et al." is insufficient to name all parties appealing a decision and does not comply with the requirement of App.R. 3(C) that the notice of appeal *specify the party or parties* taking the appeal. *Seipelt v. Motorists Mut. Ins. Co.* (1992), 81 Ohio App.3d 530, 611 N.E.2d 917. We accordingly conclude that American Funding Corporation is the only appellant in this case and that the remaining defendants have not appealed the lower court's decision.

executing a written agreement under the terms of which appellee paid $27,300 to appellant in exchange for becoming a broker to lease equipment and provide associated services on behalf of appellant.

In January 1992, appellee filed a complaint for rescission, damages and other relief, alleging that the agreement violated R.C. 1334.01 *et seq.*, the Ohio Business Opportunity Purchaser's Protection Act. Appellant responded with a motion to stay trial pursuant to R.C. 2711.02, claiming that the terms of the agreement mandated that the parties' dispute be submitted to arbitration. In a decision which did not set forth its reasoning, the trial court denied appellant's motion for stay. As its sole assignment of error, appellant claims the trial court erred in overruling its motion to stay.

The parties' agreement contains a provision which provides that "[a]ny dispute or disagreement between the parties arising out of, or in relation to this agreement, not settled within thirty (30) days of first written notice by complaining party, shall be settled by arbitration * * * and, any judgment upon the award may be entered in any court having jurisdiction." It is appellant's position that the question of whether the agreement violated certain provisions of R.C. Chapter 1334 must first be submitted to arbitration before the matter may be tried in a court of law. In support of its position, appellant relies on R.C. 2711.02, which provides:

"[I]f any action is brought upon an issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."

As a general rule, Ohio courts favor the amicable resolution of disputes through the use of arbitration. See *Youghiogheny & Ohio Coal Co. v. Oszust* (1986), 23 Ohio St.3d 39, 41, 23 OBR 57, 58, 491 N.E.2d 298, 299. However, "an arbitrator's authority is confined to the resolution of issues submitted regarding contractual rights." *Id.* at 41, 23 OBR at 59, 491 N.E.2d at 300. Within the context of R.C. 2711.02, an arbitration clause will be judicially enforced unless a court is firmly convinced that the clause is inapplicable to the dispute or issue in question. *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198. The issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide upon an examination of the contract. *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311, 599 N.E.2d 388; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559.

In light of the foregoing, we are faced with the question of whether a controversy involving the application of R.C. Chapter 1334 is a matter subject to arbitration under the parties' agreement. The issues presented by appellee's action are whether the business relationship created by appellee's contract with appellant constitutes a "business opportunity" and whether that opportunity, as offered by appellant, failed to comply with applicable statutory provisions governing the offering of such opportunities in Ohio. It is not a question of whether either party has violated any of the agreement's provisions, a clearly arbitrable matter. Rather, the dispute is one involving the applicability of specific statutory provisions to the agreement. Under such circumstances, we do not believe that this particular dispute is referable to arbitration.

We accordingly conclude that the trial court did not err in finding that the issues raised herein were not referable to arbitration. The court correctly denied appellant's motion for a stay under R.C. 2711.02 and the assignment of error is hereby overruled.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.