OPINION JOURNAL ENTRY
Appellee, Ambrosia Coal Construction Co. has filed a motion to dismiss this appeal for the reason that the party who filed assignments of error and brief was not named as a party-appellant on the notice of appeal. Appellee asserts that this court has no jurisdiction to consider what appears to be a belated appeal filed by an affected party not named in the notice of appeal.
The facts are straightforward. Appellee (hereinafter Ambrosia) leased premises to appellant (hereinafter C.B.G., Inc.), who thereafter assigned the lease to Leber, Inc.
Complaint in forcible entry and detainer was filed on November 10, 1998, naming C.B.G., Inc., Leber, Inc., Charles Beshara d.b.a. Rebel Lounge and "John Doe" d.b.a. Rebel Lounge as defendants. On April 26, 2000, Ambrosia obtained summary judgment in its favor. The pertinent part of the order recites:
 "The Motion for Summary Judgment is sustained upon the court's finding that upon the dissolution of the corporate lessee there was a breach of lease covenants in favor of Plaintiff and that Plaintiff is entitled to restitution of the premises as a matter of law."
Ambrosia had attached to its motion for summary judgment an exhibit from the Ohio Secretary of State verifying that on December 15, 1993, the corporate charter of C.B.G., Inc. was canceled for failing to file a corporate franchise tax.
On May 23, 2000, a notice of appeal was filed listing only defendant C.B.G., Inc. as taking an appeal. The case caption is noted as defendants C.B.G., Inc., et al.
Appellee argues that the failure of Leber, Inc. to file a notice of appeal renders the judgment of the trial court granting the issuance of a writ of restitution against Leber, Inc., a final judgment as to Leber, Inc., from which no appeal was perfected. Appellee contends the failure of Leber, Inc. to file a notice of appeal resulted in a waiver of its right to advocate a reversal of the trial court's judgment. On September 26, 2000 the brief of appellant was filed listing Leber, Inc. as the party-appellant. On October 6, 2000, appellee filed its motion to strike the brief filed by Leber, Inc. and to dismiss this appeal. On December 13, 2000, appellant responded to the motion to dismiss and also moved to amend its notice of appeal to include Leber, Inc. as a party appellant, to provide substantial justice and to correct a procedural formality.
 ANALYSIS
App.R. 3(D) states in part:
 "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."
Under App.R. 3(F):
 "The court of appeals within its discretion and upon such terms as are just may allow the amendment of a timely filed notice of appeal."
The Ohio Supreme Court has held that inclusion of the designation "et al." in the notice of appeal, without specifically naming a party, was sufficient compliance with the rule so as to vest jurisdiction in the court of appeals over the unspecified party appellant. Transamerica Ins.Co. V. Nolan (1995), 72 Ohio St.3d 320. The court's rationale in finding abuse of discretion by the court of appeals in dismissing such cases occurs:
 "* * * when the mistake was made in good faith, no prejudice accrued as a result, dismissal constituted a disproportionate sanction, the client was punished for the fault of his counsel and the dismissal frustrated the overruling objective of deciding cases on their merits." Transamerica at 322 citing to Natl. Mut. Ins. Co. v. Papenhagen (1987), 30 Ohio St.3d 14.
Another case in support of the position advocated by appellant isNational City Bank v. Victor Building Company, Inc. (March 24, 2000), Lucas App. No. L-99-1311, unreported, wherein the Sixth District, in a two paragraph decision, permitted an amendment of the notice of appeal to add a party inadvertently omitted from the original notice. Appellee discounts the National City Bank case by pointing out that the addition of another party who shared an identical issue and argument on appeal was good judicial sense and added nothing to the appeal.
Appellee argues that C.B.G., Inc. and Leber, Inc. are not identically situated. C.B.G., Inc. no longer exists and the outcome of the appeal would have no affect on it. Leber, Inc., the tenant under the lease as an assignee, failed to file a notice of appeal within the time period required under the appellate rules.
The Twelfth District Court of Appeals held in Seinpelt v. MotoristsMutual Ins. Co. (1992), 81 Ohio App.3d 530:
 "* * * failing to specify the parties taking the appeal is more than an `excusable informality'; it constitutes a failure of the parties to appeal and is therefore a jurisdictional bar."
While Seinpelt would appear to be no longer upheld in view of the laterTransamerica decision regarding the use of "et al." in characterizing the parties appellant, it is relevant in its application of App.R. 3(C) requiring that the parties taking the appeal be specified in the notice of appeal. In this case there is no designation of Leber, Inc. as taking an appeal nor is there a designation that C.B.G., Inc., et al. was taking an appeal. (Emphasis added).
Furthermore, the motion for leave to amend filed by appellant, C.B.G., Inc. is a nullity as it no longer exists. Leber, Inc. did not separately file a notice of appeal and such failure is a jurisdictional bar to this court to consider any assignment of error raised by Leber, Inc.
App.R. 3(F) permits this court to amend a timely filed notice of appeal. Leber, Inc. did not timely file an appeal, and may not use a non-existent entity to bootstrap itself on to the notice of appeal.
Properly perfecting an appeal is jurisdictional. See Guy v. City ofSteubenville (Jan. 15, 1998), Jefferson App. No. 97-JE-22, unreported. To properly perfect an appeal it was incumbent upon Leber, Inc. to file a notice of appeal within thirty (30) days after the judgment of April 26, 2000. It did not timely file the notice required so as to invoke the jurisdiction of this court to review any claimed error as to it.
As Leber, Inc. is not a party to this appeal, the appellee's motion to strike the brief filed on behalf of Leber, Inc. on September 26, 2000, is sustained. Moreover, appellee's motion to dismiss this appeal is sustained, as C.B.G., Inc. has been dissolved and no longer exists, which also dictates that we deny the motion for leave to amend to add Leber, Inc. as a party appellant.
Appeal dismissed. Prior stay issued by this court on May 31, 2000 is vacated and set aside. Costs taxed against appellant.
VUKOVICH, J., WAITE, J. and DeGENARO, J., concurs.