JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants Fidelity Investments appeal from a decision of the Common Pleas Court that denied their motion for stay of proceeding and to compel arbitration. For the following reasons, we reverse the decision of the trial court and remand.
{¶ 2} The record presented to us on appeal reveals the following: On April 3, 2001[1], plaintiffs-appellees Lola Brewer ("Mrs. Brewer") and Mary Barron ("Ms. Barron") (collectively "plaintiffs") filed a complaint against Fidelity Investments ("Fidelity"), Anthony Jones, Dowell Jones, Inc., and three individual Fidelity employees. Plaintiffs alleged that Anthony Jones ("Jones"), an independent financial advisor, transferred substantial funds from their Fidelity accounts into an account in his own name, an account in the name of Dowell Jones, and an account in the name of CB LB, Inc. Plaintiffs alleged that Fidelity negligently and/or recklessly supervised Jones and permitted him to transfer funds belonging to them from their Fidelity accounts into accounts privately owned by Jones.
{¶ 3} On June 11, 2001, Fidelity moved the trial court for an order staying all further proceedings and compelling arbitration based upon written agreements between plaintiffs and Fidelity. Plaintiffs opposed the motion to compel arbitration on the grounds that they did not receive or review the "Customer Agreement" containing the arbitration clause at the time they opened their Fidelity account and that Mrs. Brewer was legally blind at the time she opened the Fidelity account. In a decision in which the trial court did not set forth its reasoning, the trial court denied Fidelity's motion to compel arbitration and stay proceedings. This appeal timely followed.[2]
{¶ 4} Fidelity's sole assignment of error states as follows:
 {¶ 5} I. THE TRIAL COURT ERRED IN DENYING FIDELITY'S MOTION FOR STAY OF PROCEEDINGS AND TO COMPEL ARBITRATION OF ALL CLAIMS AND CONTROVERSIES PRESENTED IN THE COMPLAINT IN ACCORDANCE WITH THE TERMS OF WRITTEN AGREEMENTS FOR ARBITRATION.
{¶ 6} In its sole assignment of error, Fidelity alleges that the trial court erred in denying its motion for stay of the proceedings pending arbitration. We agree.
{¶ 7} Ohio and federal courts encourage arbitration to settle disputes. ABM Farms, Inc. v. Woods (1997), 81 Ohio St.3d 498, 501; Kelmv. Kelm (1993), 68 Ohio St.3d 26, 27; Southland Corp. v. Keating (1984),465 U.S. 1, 10; R.C. 2711.01. An arbitration agreement will be enforced unless the court is firmly convinced that (1) the clause is inapplicable to the dispute or issue in question or (2) the parties did not agree to the clause. Ervin v. American Funding Corp. (1993), 89 Ohio App.3d 519.
{¶ 8} Here, Fidelity had a standard account application and customer agreement which all of its customers received and were required to sign prior to opening a new brokerage account. Section 10 of the New Account Application and Section 18 of the Customer Agreement specifically provide arbitration as the sole means to settle "all controversies that may arise between us concerning any order or transaction, or the continuation, performance, breach of this or any other agreement between us." This provision provides a clear, direct and unequivocal mandate that all controversies be settled by arbitration. Accordingly, this arbitration provision encompasses all of the claims asserted by the plaintiffs against Fidelity.
{¶ 9} Next, we must determine whether the parties agreed to the arbitration provision. An examination of the written agreements reveals that both of the plaintiffs signed the New Account Application when they opened their individual accounts at Fidelity. The Customer Agreement containing the arbitration provision is specifically identified and incorporated, in bold type-face print, in the New Account Application.
{¶ 10} Plaintiffs claim that they did not have knowledge of and failed to receive the incorporated Customer Agreement containing the arbitration clause and thus, did not understand that they were bound to arbitrate all disputes with Fidelity. Plaintiffs also state that they did not read the Fidelity application containing the incorporated clause. These arguments must fail.
{¶ 11} First, physical delivery of a contract is not essential to create a legally enforceable agreement. Industrial Heat Treating Co. v.Industrial Heat Treating Co. (1995), 104 Ohio App.3d 499. Where the parties intend to be bound by the contract, it is valid, even where a party later claims that he never received a copy of the agreement.
{¶ 12} Here, plaintiffs intended to open their accounts with Fidelity. They were not coerced or induced into signing the contracts. No one misrepresented or hid anything from them when they signed the contracts. Mrs. Brewer, although legally blind at the time she entered into the contract, had her attorney present.
{¶ 13} A party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms. The law does not require that each aspect of a contract be explained orally to a party prior to signing. ABM Farms, supra at 503. "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." ABM Farms, Inc., supra, citing Upton v. Tribilcock (1875), 91 U.S. 45, 50.
{¶ 14} For the foregoing reasons, we find the trial court erred in determining that the plaintiffs' claims were not arbitrable. Accordingly, the trial court erred in denying Fidelity's motion to stay proceedings pending arbitration and to compel arbitration.
{¶ 15} Fidelity's sole assignment of error is well-taken.
Judgment reversed and remanded.
It is ordered that appellant recover of appellees its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] This was the plaintiffs' second amended complaint.
[2] Pursuant to R.C. 2711.02(C), an order that denies a stay of the trial of any action pending arbitration is a final appealable order.