OPINION
{¶ 1} Defendant-appellant, TES Franchising, LLC, dba The Entrepreneur's Source, appeals a decision denying its motion to stay litigation and enforce arbitration.
 {¶ 2} In 1999, appellant and plaintiff-appellee, Betty A. Campbell, entered into a Consultant Franchise Agreement. The agreement contained an arbitration clause which provided that:
 {¶ 3} "All disputes and claims relating to this agreement, the rights and obligations of the parties hereto, or any claims or causes of action relating to the performance of either party and/or the purchase of the franchise or goods by [appellee] will be settled by arbitration by the American Arbitration Association in Connecticut in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration. * * *"
 {¶ 4} After an unsuccessful attempt to cancel the agreement, appellee filed an action to rescind the contract, charging appellant with unfair and deceptive trade practices, fraud, conversion, and violations concerning the offering of business opportunity plans.
 {¶ 5} Appellant answered, then moved to stay litigation and enforce the agreement's arbitration provisions under R.C. 2711.02. Appellee responded by claiming that the issue of whether the agreement violated statutory provisions governing the offering of business opportunity plans under R.C. Chapter 1334 was not referable to arbitration.
 {¶ 6} The trial court, relying on this court's decision in Ervin v.American Funding Corp. (1993), 89 Ohio App.3d 519, held that the agreement constituted a business opportunity plan and that the contested question of whether the plan complied with R.C. Chapter 1334 was not referable to arbitration. The court denied appellant's motion and held that the litigation could continue. In a single assignment of error, appellant claims the trial court erred in denying its motion to compel arbitration and to stay litigation.
 {¶ 7} The issue to be decided in this appeal is whether a dispute involving the applicability of specific statutory provisions to a business opportunity plan is subject to arbitration.
 {¶ 8} As defined by R.C. 1334.01(D), a business opportunity plan is:
 {¶ 9} "* * * An agreement in which a purchaser obtains the right to offer, sell, or distribute goods or services under all of the following conditions:
 {¶ 10} "(1) The goods or services are supplied by the seller, a third person with whom the purchaser is required or advised to do business by the seller or an affiliated person.
 {¶ 11} "(2) The purchaser is required to make an initial payment greater than five hundred dollars, but less than fifty thousand dollars, to the seller or an affiliated person to begin or maintain the business opportunity plan.
 {¶ 12} "(3) The seller makes any of the following representations:
 {¶ 13} "(a) That the purchaser will be provided with retail outlets or accounts, or assistance in establishing retail out-lets or accounts for the sale or distribution of the goods or services. * * *[.]"
 {¶ 14} The trial court found, and we agree, that the agreement satisfies the statutory requirements of R.C. 1334.01(D). First, the agreement requires appellee to purchase all products and services from appellant. Second, appellee made an initial $25,000 payment to appellant upon execution of the agreement. Finally, appellant represented that it would provide a list of potential clients to appellee. We therefore conclude that the agreement in question constitutes a business opportunity plan and is subject to R.C. 1334.01 et seq.
 {¶ 15} In Ervin, this court, recognizing the general rule that Ohio favors the amicable resolution of disputes through the use of arbitration, nevertheless held that arbitration is not mandated in a situation where a dispute does not involve a question of whether either party has violated the provisions of an agreement, but rather, whether when the dispute involves the applicability of specific statutory provisions to the agreement.
 {¶ 16} Like the case at bar, Ervin involved a question of whether an agreement complied with certain provisions of R.C. 1334. Here, appellee claims the agreement failed to comply with R.C. 1334.06(A)(7) and (B) by omitting both notice of appellee's right to cancel the agreement within a specified time period and a form to be utilized for that specific purpose. The controversy herein is not whether either of the parties violated the terms of the agreement, but whether the agreement itself failed to comply with applicable statutory requirements governing the offering of business opportunity plans.
 {¶ 17} We agree with the trial court's assessment that the underlying cause of action was not referable to arbitration since it does not involve a dispute or disagreement arising out of or in relationship to the agreement. The question here is one of the applicability of R.C.1334.01 et seq. to the franchise agreement.
 {¶ 18} We accordingly conclude that our prior decision in Ervin,
rather than federal arbitration standards, is applicable in the case at bar. The trial court correctly relied upon Ervin in denying appellant's motion to stay litigation.
 {¶ 19} Based upon the foregoing, appellant's assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Valen, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was argued, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.