[Cite as *Beneficial Mtge. Co., Inc. v. Dickerson*, 2014-Ohio-5045.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Beneficial Mortgage Company, Inc., | : | |
| Plaintiff-Appellant/<br>Cross-Appellee, | : | |
| | : | No. 14AP-282 |
| v. | | (C.P.C. No. 06CV-10370) |
| | : | |
| Sandra J. Dickerson, | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee/<br>Cross-Appellant. | : | |

D E C I S I O N

Rendered on November 13, 2014

*Ulmer & Berne LLP, John M. Alten, Melissa L. Zujkowski* and *Reem S. Henderson,* for plaintiff-appellant/cross-appellee.

*Kevin E. Humphreys,* for defendant-appellee/cross-appellant Sandra J. Dickerson.

APPEAL from the Franklin County Court of Common Pleas and on Objections to the Magistrate's Decision

DORRIAN, J.

{¶ 1} Defendant-appellee/cross-appellant, Sandra J. Dickerson, filed a motion to dismiss the appeal filed by Beneficial Mortgage Company, Inc. Beneficial Mortgage Company, Inc. filed a notice of appeal on April 7, 2014. Appellee argues that Beneficial Mortgage Company, Inc. does not have standing to bring the appeal. On June 6, 2014, Beneficial Mortgage Company, Inc. moved for leave to amend the notice of appeal to substitute "Beneficial Mortgage Co. of Ohio" or "Beneficial Financial I Inc." as the name of the appellant.

{¶ 2} Pursuant to Civ.R. 53(D), Loc.R. 13(M) and App.R. 34(B), this matter was referred to a magistrate (1) to conduct an evidentiary hearing to determine whether

Beneficial Mortgage Company, Inc. has the right to appeal the trial court's judgment, and (2) to hold oral argument on Beneficial Mortgage Company, Inc.'s motion to amend the notice of appeal.

{¶ 3} The magistrate issued the appended decision, including findings of facts and conclusions of law. The magistrate recommends that this court (1) grant appellee/cross-appellant's motion to dismiss this appeal, and (2) deny Beneficial Mortgage Company, Inc.'s motion for leave to amend the notice of appeal.

{¶ 4} Beneficial Mortgage Company, Inc.[1] (hereinafter "objector")[2] has filed objections to the magistrate's decision granting the motion to dismiss and denying the motion to amend. In the objections, for the first time, counsel for objector refers to the name Beneficial Mortgage Company, Inc. as a "scrivener's error" and a "mere oversight," "harmless naming imperfection," "but a few typographical characters [different]," and an "[innocent] technical error [or] mistake." (Response, 3-8.) Counsel argues that it would be "draconian" to elevate form over substance by granting the motion to dismiss and denying the motion to amend as the magistrate has recommended.

{¶ 5} Up until the actual hearing before the magistrate, however, the same counsel argued tenaciously that objector is the successor to Beneficial Mortgage Co. of Ohio. Indeed, in the May 5, 2014 response to appellee's motion to dismiss, counsel stated: "The true rights [to appeal] *are* Beneficial Mortgage Company, Inc.'s because the originally named entity-plaintiff has ceased to exist and Beneficial Mortgage Company has succeeded to those rights." (Emphasis sic.) (Response, 10.) Apparently counsel made the same representations to the trial court in its pleadings and motions as he has noted on pages 4-5 of his response. Counsel further stated: "In reality, 'Beneficial Mortgage Company of Ohio' ceased being an active company years ago. Beneficial Mortgage Company, Inc. succeeded to the rights related to Dickerson's mortgage. While no formal Rule 25 motion was filed in the underlying action, Beneficial advised the trial court and

---

[1] Appellee argues that the objections of Beneficial Mortgage Company, Inc. are a legal nullity because it is axiomatic that objections cannot be tendered in judicial proceedings by or on behalf of a non-existent entity. Without deciding this issue, in the interest of justice, we will consider the merits of the objections.

[2] Throughout his decision, the magistrate refers to Beneficial Mortgage Company, Inc. as "appellant." Nevertheless, because we determine that Beneficial Mortgage Company, Inc. does not have standing to bring this appeal, it cannot then be the appellant in this action. Therefore, we will refer to Beneficial Mortgage Company, Inc. as "objector."

the parties of this through the pleadings listed above."   (Response, 6.)   Also in the response, counsel asks that the motion to dismiss be denied or that, "[i]n the alternative, under Civil Rule 25(C) the court should allow Beneficial Mortgage Company to substitute in as a plaintiff-appellant." (Response, 11.)

{¶ 6}   In her reply brief and at the hearing before the magistrate, appellee produced certified records from the Ohio Secretary of State that the Secretary has no record of a business entity named "Beneficial Mortgage Company, Inc."[3]   Only then did objector concede that Beneficial Mortgage Company, Inc. is a nonexistent entity and that it was a mistake to put the name Beneficial Mortgage Company, Inc. on the notice of appeal.   Counsel for objector stated: "We always understood that entity to be the successor liability entity for the servicing of the mortgage.   That's different than who actually holds the note and has standing as a plaintiff on the note.   That was a misunderstanding." (Tr. 38.)

{¶ 7}   We begin by noting that objector does not object to any of the magistrate's findings of fact; therefore, we adopt them as our own.

{¶ 8}   Objector focuses its arguments on the magistrate's decision to deny the motion to amend the notice of appeal.   Objector's counsel argues that the magistrate misapplied *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), and *Ambrosia Coal & Constr. Co. v. C.B.G. Inc.*, 7th Dist. No. 00C.A. 101 (2001), in determining whether to grant objector's motion to amend the notice of appeal.   Objector asserts the magistrate did not consider the criteria set forth in *Transamerica* to determine whether it was appropriate to grant the motion to amend.

{¶ 9}   In *Transamerica*, the Supreme Court of Ohio stated that it was appropriate to grant a motion to amend a notice of appeal where "the mistake was made in good faith, no prejudice accrued as a result, dismissal constituted a disproportionate sanction, the client was punished for the fault of his counsel and the dismissal frustrated the overriding

---

[3] It must be noted that, within the course of 35 days, from the time objector filed its notice of appeal on April 7, 2014, to the time appellee filed its reply to objector's memorandum contra the motion to dismiss on May 12, 2014, appellee was able to obtain records from the Ohio Secretary of State evidencing the true successor in interest and the non-existence of objector.   Yet, objector's counsel appears to have made no effort to do the same from the time it first represented to the trial court that objector was the successor in interest to the filing of its memorandum contra to dismiss the appeal in which it represented the same to this court.

objective of deciding cases on their merits." *Id.* at 322, citing *Natl. Mut. Ins. Co. v. Papenhagen*, 30 Ohio St.3d 14 (1987).

{¶ 10} In his decision, the magistrate found the facts in this case to be more analogous to the facts in *Ambrosia*, than the facts in *Transamerica*. Here, as in *Ambrosia*, a "non-existent entity" is moving to amend the notice of appeal. These facts are distinguished from the facts in *Transamerica* where the original appellant had standing to appeal in his own right. They are likewise distinguished from the facts in the precursor cases objector cites in its brief in support of its argument. *See Papenhagen* (where the Supreme Court of Ohio reversed the decision of the court of appeals dismissing an appeal due to the appellant listing two case captions and case numbers on a single notice of appeal form), and *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257 (1982) (where the Supreme Court of Ohio reversed the decision of the court of appeals dismissing an appeal due to the appellant providing the date of the trial court's decision on a decision to deny new trial, rather than the date of the trial court's final judgment entry). In neither of these cases was the question presented whether a non-existent entity with no standing to appeal, which filed a notice of appeal, may move to amend the notice of appeal to include an existing entity with standing to appeal *after* the time for filing a notice of appeal has expired.

{¶ 11} For the reasons stated in the magistrate's decision, we likewise find *Ambrosia* to be persuasive. Here, as in *Ambrosia*, the jurisdiction of the court was never invoked prior to the time expiration for the filing of the notice of appeal. Accordingly, we adopt the magistrate's conclusion to deny objector's June 6, 2014 motion to amend the notice of appeal.

{¶ 12} As noted above, objector focuses his argument on the motion to amend the notice of appeal. Objector did, however, also object to the magistrate's decision to grant appellee's motion to dismiss. Nevertheless, objector did not object to the magistrate's conclusions that: "Beneficial Mortgage Company, Inc. is not a successor of plaintiff Beneficial Mortgage Co. of Ohio"; "We do know by an official record of the Ohio Secretary of State that the secretary has no record of an entity known as 'Beneficial Mortgage Company, Inc.' "; "It can be noted that there is no evidence before this court showing that an entity described as 'Beneficial Mortgage Company' is a successor to plaintiff Beneficial

Mortgage Co. of Ohio.";  " 'Beneficial Mortgage Co.' is clearly not a successor to plaintiff"; and "[I]t is clear that appellant has no legal interest in bringing this appeal."  (Appendix ¶ 39, 40, 42 and 44.)  Accordingly, we adopt as our own the magistrate's conclusion to grant appellee's April 21, 2014 motion to dismiss the appeal.

{¶ 13} Finally, we find to be moot appellee/cross-appellant's July 31, 2014 motion to strike Beneficial Mortgage Company, Inc.'s reply filed July 30, 2014.  We further sua sponte dismiss the conditional cross-appeal of appellee/cross-appellant.  Appellee/cross-appellant stated in her notice of appeal that: "This conditional cross-appeal by Dickerson is **conditioned upon the event** that the Court of Appeals, Tenth Appellate District of Franklin County, Ohio, grants any relief to the Appellant or Beneficial by way of reversal or modification of: (a) the *Trial Court's Judgment Entry dated October 11, 2012*; and/or (b) the March 10, 2014, *Decision and Entry Denying Plaintiff's October 25, 2012, Motion for Judgment Notwithstanding the Verdict and Motion for a New Trial.*" (Emphasis sic.) As objector's appeal is being dismissed, no such relief will be granted, and, therefore, dismissal of the conditional cross-appeal is warranted.

{¶ 14} Upon review of the magistrate's decision, an independent review of the record, and due consideration of objector's objections, we find the magistrate has properly determined the pertinent facts and concluded to deny the motion to amend the notice of appeal and to dismiss the appeal.  We, therefore, overrule objector's objections to the magistrate's decision, and we adopt the magistrate's findings of fact and conclusions of law.  Further, we find to be moot appellee/cross-appellant's motion to strike and, therefore, sua sponte dismiss the conditional cross-appeal of appellee/cross-appellant.

> *Objections overruled; motion to amend the notice of appeal denied; motion to dismiss the appeal granted; motion to strike found to be moot; conditional cross-appeal sua sponte dismissed.*

KLATT and O'GRADY, JJ., concur.

————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Beneficial Mortgage Company, Inc.,                    :

        Appellant/                                        :
        Cross-Appellee,

                                                          :

v.                                                                      No. 14AP-282
                                                          :      (C.P.C. No. 06CV-10370)

Sandra J. Dickerson,

                                                          :      (REGULAR CALENDAR)

        Defendant-Appellee/
        Cross-Appellant.                                  :

---

## MAGISTRATE'S DECISION

### Rendered on June 27, 2014

---

*Ulmer & Berne LLP, John M. Alten, Melissa L. Zujkowski* and *Reem S. Henderson,* for appellant/cross-appellee.

*Kevin E. Humphreys,* for defendant-appellee/cross-appellant Sandra J. Dickerson.

---

ON MOTION TO DISMISS

ON MOTION FOR LEAVE TO AMEND THE NOTICE OF APPEAL

{¶ 15} This appeal originated on April 7, 2014 when a notice of appeal was filed by an attorney who identified the appellant as "Beneficial Mortgage Company, Inc."  On April 21, 2014, appellee, Sandra J. Dickerson filed a motion to dismiss challenging appellant's standing to bring this appeal.  On June 6, 2014, appellant moved for leave to amend the notice of appeal.

{¶ 16} Earlier, on May 23, 2014, this magistrate, pursuant to App.R. 34(B), was appointed to conduct an evidentiary hearing to determine whether appellant has the right to appeal the trial court's judgment.  Later, on June 9, 2014, this court instructed the magistrate to also hold oral argument on appellant's motion to amend the notice of appeal.

{¶ 17} On June 18, 2014, the magistrate held an evidentiary hearing and oral arguments of counsel.  This magistrate's decision shall render findings of fact and conclusions of law along with a recommendation to the court regarding appellee's April 21, 2014 motion to dismiss and appellant's June 6, 2014 motion for leave to amend the notice of appeal.

Findings of Fact:

{¶ 18} 1.  On August 10, 2006, Beneficial Mortgage Co. of Ohio filed in the Franklin County Court of Common Pleas ("common pleas court" or "trial court") a complaint against defendant Sandra J. Dickerson ("Dickerson") seeking a judgment in the amount of $25,421.91 together with interest on a promissory note executed by Dickerson.  The plaintiff also sought foreclosure of certain mortgage deeds securing the promissory note.  The note and mortgage deeds were regarding certain real estate located at 940-950 East Broad St., Columbus, Ohio.

{¶ 19} 2.  According to official records kept by the office of the Ohio Secretary of State, effective December 31, 1996, Beneficial Ohio Inc., a Delaware corporation, merged with Beneficial Mortgage Co. of Ohio.  As a result of the merger, the corporate title of the survivor was changed to Beneficial Ohio Inc.

{¶ 20} 3.  Thus, almost a decade prior to the August 10, 2006 filing of the common pleas court action, the named plaintiff, Beneficial Mortgage Co. of Ohio, had ceased to exist in that name due to the merger.  At the time of the filing of the complaint, Beneficial Ohio Inc. was the survivor of the merger.

{¶ 21} 4. On June 26, 2008, Dickerson filed an amended answer and counterclaim.  The counterclaim was filed against Beneficial Mortgage Co. of Ohio, the named plaintiff in the common pleas court action.

{¶ 22} 5. On May 29, 2009, plaintiff, Beneficial Mortgage Co. of Ohio, filed its answer to Dickerson's counterclaim. The pleading does not indicate that Beneficial Mortgage Co. of Ohio had ceased to exist.

{¶ 23} 6. According to official records kept by the office of the Ohio Secretary of State, effective March 18, 2011, Beneficial Ohio Inc., a Delaware corporation, merged into Beneficial Financial I Inc., a California corporation

{¶ 24} 7. Following a lengthy jury trial during June 2012, the trial court entered judgment on October 11, 2012. On plaintiff's breach of contract claim, the trial court entered judgment for Dickerson and against plaintiff. The trial court noted that plaintiff had withdrawn its foreclosure claim.

{¶ 25} On Dickerson's claim for negligent misrepresentation, the jury returned a verdict in favor of Dickerson and against plaintiff. Based on the jury verdict, the court entered judgment for Dickerson and against plaintiff in the amount of $1,127,793.

{¶ 26} During the trial, the court entered directed verdicts in favor of plaintiff and against Dickerson on several of Dickerson's claims.

{¶ 27} The trial court's judgment entry enters judgment on the negligent misrepresentation claim in favor of Dickerson and specifically against plaintiff, Beneficial Mortgage Co. of Ohio.

{¶ 28} 8. Prior to the June 2012 trial, several plaintiff motions were filed in which plaintiff was unexplainably identified as Beneficial Mortgage Company, Inc. However, in the attorney signature block, the attorney continued to be identified as "Attorney for Plaintiff Beneficial Mortgage Co. of Ohio." The earliest of these motions brought in the name of Beneficial Mortgage Company, Inc., was filed on March 10, 2010. However, at no time did the attorneys for the plaintiff file a Civ.R. 25 motion for a substitution of the plaintiff.

{¶ 29} 9. On October 25, 2012, a Civ.R. 50(B) motion for judgment notwithstanding the verdict, or, in the alternative, for new trial, was filed in the name of "Plaintiff Beneficial Mortgage Company, Inc." However, the attorney signature block identified the plaintiff as "Beneficial Mortgage Co. of Ohio."

{¶ 30} 10. On March 10, 2014, the trial court entered its decision denying the Civ.R. 50(B) motion. In its decision, the trial court refers to "Plaintiff, Beneficial

Mortgage Company Inc."  The plaintiff, Beneficial Mortgage Co. of Ohio, as named in the complaint, is not mentioned in the trial court's decision.

{¶ 31} 11.  On April 7, 2014, a document captioned "Notice of Appeal" was filed in this court.  Under the caption, the document states:

> Notice is hereby given that Plaintiff-Appellant Beneficial Mortgage Company, Inc., appeals to the Court of Appeals, Tenth Appellate District, Franklin County, Ohio, from the Court's Judgment Entry dated October 11, 2012, as well as its March 10, 2014 Decision and Entry Denying Plaintiff's October 25, 2012 Motion for Judgment Notwithstanding the Verdict and Motion for a New Trial (the "JNOV Denial Order"). This notice is timely pursuant to App.R. 4(B)(2). A copy of the Judgment Entry and the JNOV Denial Order being appealed are attached as Exhibits A and B, respectively.

{¶ 32} Thereunder, the last line of the attorney signature block states:  "Attorneys for Plaintiff Beneficial Mortgage Company, Inc."

{¶ 33} 12.  On April 17, 2014, Dickerson filed a notice of conditional cross-appeal.

{¶ 34} 13.  On April 21, 2014, as earlier noted, Dickerson moved for dismissal of this appeal, arguing that appellant lacked standing to bring this action.

{¶ 35} 14.  On June 6, 2014, as earlier noted, appellant moved for leave to amend the notice of appeal.  Appellant requests that it be granted leave to substitute "Beneficial Mortgage Co. of Ohio" or "Beneficial Financial I Inc." as the name of the appellant.

{¶ 36} 15.  The parties have submitted exhibits to this court as requested by the magistrate. On June 5, 2014, appellant filed a "notice" that presents five official documents kept by the Ohio Secretary of State.  Also on June 5, 2014, Dickerson filed six official documents kept by the Ohio Secretary of State.   Dickerson also submitted documents from other courts pertaining to Beneficial Financial I Inc.

{¶ 37} 16.  Among her exhibits, Dickerson submits a May 8, 2014 certification of the Ohio Secretary of State that the secretary has no record of a business entity named "Beneficial Mortgage Company, Inc."

Conclusions of Law:

{¶ 38} It is the magistrate's decision that this court deny appellant's June 6, 2014 motion for leave to amend the notice of appeal.  It is further the magistrate's decision that this court grant appellee's April 21, 2014 motion to dismiss this appeal.

{¶ 39} Analysis begins with the finding that appellant Beneficial Mortgage Company, Inc. is not a successor of plaintiff Beneficial Mortgage Co. of Ohio.  However, as shown by the official records of the Ohio Secretary of State, Beneficial Ohio Inc., was a successor by merger of plaintiff Beneficial Mortgage Co. of Ohio.  Also, Beneficial Financial I Inc. is currently a successor by merger of plaintiff Beneficial Mortgage Co. of Ohio.

{¶ 40} In fact, the corporate status of appellant remains unclear even though appellant was given ample opportunity by this court, through its magistrate, to clarify. We do know by an official record of the Ohio Secretary of State that the secretary has no record of an entity known as "Beneficial Mortgage Company, Inc."  Significantly, at oral argument, upon questioning by the magistrate, appellant's counsel could not identify the state of incorporation of appellant, and counsel has failed to submit as evidence to this court any official record that identifies the corporate status of appellant.  This scenario contrasts sharply with statements of appellant's counsel made in appellant's May 5, 2014 response to Dickerson's April 21, 2014 motion to dismiss. Therein, appellant's counsel states:

> Beneficial Mortgage Company, Inc. is not purporting to appeal/quasi-intervene based on some independent relationship to the underlying facts where the true party in interest has chosen not to pursue those rights. The true rights *are* Beneficial Mortgage Company, Inc.'s because the originally named entity-plaintiff has ceased to exist and Beneficial Mortgage Company has succeeded to those rights.

(Emphasis sic.)

{¶ 41} Apparently, appellant's counsel no longer holds to the above-quoted statements because there is now a motion to amend the notice of appeal that, in effect, removes any claim that Beneficial Mortgage Company, Inc. is a successor to plaintiff Beneficial Mortgage Co. of Ohio.

{¶ 42} It can be noted that there is no evidence before this court showing that an entity described as "Beneficial Mortgage Company" is a successor to plaintiff Beneficial Mortgage Co. of Ohio. Appellant did submit official records of the Ohio Secretary of State showing a trade name registration for "Beneficial Mortgage Co." and a trade name cancellation for "Beneficial Mortgage Co." The records regarding an entity known as "Beneficial Mortgage Co." are irrelevant to the matters before this court. Moreover, it is not entirely clear what appellant's counsel is endeavoring to suggest by submitting the records of a trade name registration and subsequent trade name cancellation for an entity known as "Beneficial Mortgage Co." "Beneficial Mortgage Co." is clearly not a successor to the plaintiff.

{¶ 43} Given that appellant, Beneficial Mortgage Company, Inc., is not a successor to plaintiff Beneficial Mortgage Co. of Ohio, appellant could not have successfully sought to be substituted for plaintiff by way of a Civ.R. 25 motion filed in the trial court. Presumably, Beneficial Financial I Inc. could have been substituted, but, as earlier noted, a Civ.R. 25 motion was never filed in the trial court.

{¶ 44} Based upon the above analysis, it is clear that appellant has no legal interest in bringing this appeal. Clearly, appellant was not a party below, nor could it have been made a party by substitution. Appellant is not a successor to plaintiff, Beneficial Mortgage Co. of Ohio, against whom the judgment lies.

{¶ 45} App.R. 3(A), captioned "Filing the notice of appeal," provides:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

{¶ 46} App.R. 3(D), captioned "Content of the notice of appeal," provides:

> The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof apealed [sic] from; and shall name the court to which the appeal is taken.

{¶ 47} App.R. 3(F), effective July 1, 2013, is captioned "Amendment of the notice of appeal." The rule provides:

> *(1) When leave required.* A party may amend a notice of appeal without leave if the time to appeal from the order that was the subject of the initial notice of appeal has not yet lapsed under App.R. 4. Thereafter, the court of appeals within its discretion and upon such terms as are just may allow the amendment of a notice of appeal, so long as the amendment does not seek to appeal from a trial court order beyond the time requirements of App.R. 4.

(Emphasis sic.)

{¶ 48} Prior to July 1, 2013, App.R. 3(F) captioned "Amendment of the notice of appeal" stated in its entirety:

> The court of appeals within its discretion and upon such terms as are just may allow the amendment of a timely filed notice of appeal.

{¶ 49} The 2013 staff notes regarding the July 1, 2013 amendment of former App.R. 3(F), state:

> App.R. 3(F) is amended to clarify the procedure for amending a notice of appeal. Amending a notice of appeal is an efficient mechanism for appealing from a trial court order different from the order referenced in the initial notice of appeal without having to file a second notice of appeal and then seeking to consolidate the two appellate cases. The amendment clarifies that no leave is required to amend a notice of appeal if the time to appeal from the order identified in the initial notice of appeal has not yet lapsed under App.R. 4; * * *. By contrast, leave is required if a party seeks timely to appeal from a subsequent trial court order after the time to appeal from the originally appealed order has expired under App.R. 4; the decision whether to grant leave at that point is discretionary, reflecting the general reluctance to permit such amendments, *see, e.g., Rickard v. Trumbull Twp. Zoning Bd.*, 11th Dist. Nos. 2008-A-0024, 2008-A-0027, 2008-A-0025, 2008-A-0028, and 2008-A-0026, 2009-Ohio-2619, ¶ 42, but also recognizing the potential efficiencies of avoiding a second appeal if the orders in question are inter-related. In all events, however, an amended notice of appeal may not be used to appeal from a trial court order if the time to appeal from that order has already lapsed under App.R. 4.

{¶ 50} In *Transamerica Ins. Co. v. Nolan,* 72 Ohio St.3d 320 (1995), the court had occasion to apply App.R. 3(A) and (D).

{¶ 51} In *Transamerica*, in June 1987, an automobile driven by Lori Watkins collided with a truck operated by Terry Nolan and a third vehicle driven by Adam Sohn. Nolan and three passengers in the Watkins vehicle were killed as a result. Anthony Wallace was one of the three passengers killed. Appellants, Linda and Dennis Wallace, are the parents of Anthony Wallace.

{¶ 52} The trial court entered judgment for the Wallaces, but this court reversed. The cause came before the Supreme Court of Ohio pursuant to the allowance of a motion to certify the record.

{¶ 53} Pertinent here, in a unanimous decision, the *Transamerica* court states:

> As a preliminary matter, we must first determine whether the court of appeals was correct in holding that it lacked jurisdiction over the appeal of Linda Wallace. The notice of appeal filed in the court of appeals designated the appellants as "Dennis Wallace et al." The court of appeals held that the notice failed to comply with App.R. 3(D) and that the defect was jurisdictional. App.R. 3(D) provides that the "notice of appeal shall specify the party or parties taking the appeal." The court of appeals relied on its decision in *Seipelt v. Motorists Mut. Ins. Co.* (1992), 81 Ohio App.3d 530, 611 N.E.2d 917, which relied on the reasoning in *Torres v. Oakland Scavenger Co.* (1987), 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285. In *Torres* the Supreme Court held that the designation "et al." fails to provide the notice required under the similar federal rule and acted as a jurisdictional bar.
>
> Although the relevant portion of the version of Fed.R.App.P. 3 considered in *Torres* was virtually the same as App.R. 3, we do not interpret the Ohio rule so strictly. Ohio App.R. 3(A) provides, "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." * * * App.R. 3(A) is controlling. Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are

> warranted, and its decision will not be overturned absent an abuse of discretion.
>
> The court of appeals abused its discretion by refusing to consider the appeal of Linda Wallace. We have held that the failure to file separate notices of appeal for cases that had been consolidated in the trial court, as required by local rule, is not a jurisdictional defect. *Natl. Mut. Ins. Co. v. Papenhagen* (1987), 30 Ohio St.3d 14, 30 OBR 21, 505 N.E.2d 980. We reasoned that the court of appeals had abused its discretion by dismissing the appeal when the mistake was made in good faith, no prejudice accrued as a result, dismissal constituted a disproportionate sanction, the client was punished for the fault of his counsel and the dismissal frustrated the overriding objective of deciding cases on their merits. Use of the term "et al." might not always be appropriate, but here appellees were not prejudiced by the use of the designation. All parties were aware of the interests of Linda Wallace and proceeded under the assumption that she was a party. Therefore, the court of appeals abused its discretion by failing to consider her appeal.

(Footnotes omitted.) *Id.* at 322-23.

{¶ 54} In *Ambrosia Coal & Constr. Co. v. C.B.G. Inc.,* 7th Dist. No. 00C.A. 101 (2001), the court distinguished the *Transamerica* case when it dismissed an appeal pursuant to App.R. 3(D). In denying an App.R. 3(F) motion to amend the notice of appeal, the court held that a party to the action below who was prosecuting the appeal had failed to invoke the court's appellate jurisdiction because the party was not named as an appellant on the notice of appeal.

{¶ 55} In *Ambrosia*, the appellee (hereinafter "Ambrosia") leased premises to the appellant (hereinafter "C.B.G. Inc."), who thereafter assigned the lease to Leber, Inc.

{¶ 56} Ambrosia's complaint in forcible entry and detainer named C.B.G., Inc., and Leber, Inc., as defendants. On summary judgment, Ambrosia obtained a writ of restitution against Leber, Inc. In May 2000, a notice of appeal was filed listing only the defendant C.B.G. Inc. as taking an appeal.

{¶ 57} In September 2000, the brief of appellant was filed listing Leber, Inc. as the appellant.  Earlier, the corporate charter of C.B.G. Inc. was cancelled for failing to file a corporate franchise tax.

{¶ 58} In October 2000, the appellee filed its motion to strike the brief filed by Leber, Inc., and to dismiss the appeal.  The appellant responded to the motion to dismiss and also moved to amend its notice of appeal to include Leber, Inc. as a plaintiff-appellant.

{¶ 59} In denying the motion to amend the notice of appeal and dismissing the appeal, the *Ambrosia* court explained:

> Appellee argues that C.B.G., Inc. and Leber, Inc. are not identically situated. C.B.G., Inc. no longer exists and the outcome of the appeal would have no affect on it. Leber, Inc., the tenant under the lease as an assignee, failed to file a notice of appeal within the time period required under the appellate rules.
>
> The Twelfth District Court of Appeals held in *Seinpelt v. Motorists Mutual Ins. Co.* (1992), 81 Ohio App.3d 530:
>
> " * * * failing to specify the parties taking the appeal is more than an 'excusable informality'; it constitutes a failure of the parties to appeal and is therefore a jurisdictional bar."
>
> While *Seinpelt* would appear to be no longer upheld in view of the later *Transamerica* decision regarding the use of "et al." in characterizing the parties appellant, it is relevant in its application of App.R. 3[D] requiring that the parties taking the appeal be specified in the notice of appeal. In this case there is no designation of Leber, Inc. as taking an appeal nor is there a designation that C.B.G., Inc., *et al.* was taking an appeal. (Emphasis added).
> Furthermore, the motion for leave to amend filed by appellant, C.B.G., Inc. is a nullity as it no longer exists. Leber, Inc. did not separately file a notice of appeal and such failure is a jurisdictional bar to this court to consider any assignment of error raised by Leber, Inc.
>
> App.R. 3(F) permits this court to amend a timely filed notice of appeal. Leber, Inc. did not timely file an appeal, and may not use a non-existent entity to bootstrap itself on to the notice of appeal.

> Properly perfecting an appeal is jurisdictional. See *Guy v. City of Steubenville* (Jan. 15, 1998), Jefferson App. No. 97-JE-22, unreported. To properly perfect an appeal it was incumbent upon Leber, Inc. to file a notice of appeal within thirty (30) days after the judgment of April 26, 2000. It did not timely file the notice required so as to invoke the jurisdiction of this court to review any claimed error as to it.
>
> As Leber, Inc. is not a party to this appeal, the appellee's motion to strike the brief filed on behalf of Leber, Inc. on September 26, 2000, is sustained. Moreover, appellee's motion to dismiss this appeal is sustained, as C.B.G., Inc. has been dissolved and no longer exists, which also dictates that we deny the motion for leave to amend to add Leber, Inc. as a party appellant.

*Id.*

{¶ 60} *Ambrosia* compels denial of appellant's motion for leave to amend the notice of appeal. *Ambrosia* also compels dismissal of this appeal.

{¶ 61} Appellant, Beneficial Mortgage Company, Inc., was not a party to the proceedings below, could not have been made a party to the proceedings below, and has no legal interest in bringing this appeal. Thus, the April 7, 2014 notice of appeal failed to invoke the appellate jurisdiction of this court. Consequently, the April 7, 2014 notice of appeal may not be used to bring the real party in interest into this appeal. That is, the April 7, 2014 notice of appeal may not be used to bring either Beneficial Mortgage Co. of Ohio or Beneficial Financial I Inc. into this appeal. To allow the amendment of the notice of appeal would in effect allow an appeal beyond the time requirements of App.R. 4.

{¶ 62} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny appellant's June 6, 2014 motion for leave to amend the notice of appeal. It is further the magistrate's decision that this court grant appellee's April 21, 2014 motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).